# Hurt *v.* The State.

### Indictment for Burglary.

1. *Limitation of prosecution.*—A criminal prosecution for burglary must be commenced (Rev. Code, § 3951) within three years next after the commission of the offense: consequently, where the bill of exceptions, purporting to set out all the evidence, shows that the only proof of the time when the offense was committed fixed it more than three years before the indictment was found, and the record does not show any prior commencement of the prosecution, a charge to the jury, which authorizes a conviction on proof that the offense was committed "before the finding of the indictment," is erroneous.

2. *Sufficiency of indictment.*—In an indictment for burglary (Rev. Code, § 3695), an averment that, in the building broken into and entered, "meat and flour, things of value, were then and there kept for use," &c., is a sufficient averment of their value.

3. *Hearsay, and res gestæ.*—The conduct and conversation of parties, accompanying an act, are generally admissible as a part of the *res gestæ;* yet, a message sent to the accused by his employer, though it might be admissible as tending to explain his flight, which had been proved as a circumstance against him, is, *prima facie,* mere hearsay; and when offered for the purpose of showing "that the defendant ran away in consequence of it," the appellate court can not affirm that its rejection was erroneous, when the message itself is not set out in the record.

FROM the Circuit Court of Greene.
Tried before the Hon. LUTHER R. SMITH.

The indictment in this case, which was found on the 6th January, 1876, contained two counts ; the first charging that the defendant, " with intent to steal, broke into and entered the dwelling-house, house within the the curtilage of the dwelling-house, shop, store, warehouse, smoke-house, or other building of T. C. Clark, in which goods, merchandise, meat, flour, things of value, were kept for use, sale, or deposit ;" and the second, that he broke and entered the building, described as above, " in which goods, merchandise, meat, flour, and other valuable things, were kept for use," &c., " and stole therefrom about one hundred pounds of meat, and a lot of flour, of value less than one hundred dollars, the personal property of T. C. Clark." The defendant demurred to the indictment—1st, because the " other building " was not described with sufficient certainty ; and, 2d, because there was " no sufficient averment that the meat and flour are things of value." The court overruled the demurrer, and the defendant then pleaded not guilty.

On the trial, as the bill of exceptions shows, the State introduced one Freeman as a witness, who was the superintendent of T. C. Clark's plantation in said county, and who testified, that he found the smoke-house on the place broken open one morning, and a quantity of meat and flour taken from it ; that he discovered the tracks of a mule near by, and followed them to " a patch" near the defendant's house, where he found the meat and flour " lying in the corner of the patch ;" that he could not remember exactly when this was, but it was some time in the year 1871, or 1872 ;" and he stated other facts tending to show that the burglary was committed by the defendant. It was also proved, on the part of the State, that the defendant could not be found when the deputy sheriff went to arrest him, and was arrested some time afterwards in another part of the county. The defendant introduced two witnesses, his son and step-son, whose testimony tended to prove an *alibi.* One of these witnesses was asked by the defendant's counsel, " if the defendant sent him with any message to Dr. Webb, his employer, on the day Mr. Freeman came on the place ; and if so, what it was, and what he told the defendant on his return." The State objected to this question ; and the defendant's counsel then stated to the court, " that the object of the testimony was to show why the defendant ran away—that it was in consequence of the message he received from Dr. Webb." The court sustained the objection, and excluded the evidence ; to which the defendant reserved an objection. The bill of exceptions does not state what the message was.

" This being all the evidence, the court charged the jury,

that if they believed from the evidence, beyond a reasonable doubt, that the defendant, before the finding of the indictment, and in said county, broke into and entered the smokehouse of T. C. Clark, with intent to steal; and that meat and flour were kept there, and that they were things of value; and that the defendant did steal the meat and flour of said Clark, and it was worth about sixty dollars,—then they must find the defendant guilty as charged." To this charge the defendant excepted; and he now presents for revision, and as grounds of reversal, the overruling of his demurrer to the indictment, the rejection of the evidence offered by him, and the charge of the court.

T. W. COLEMAN, and E. MORGAN, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The only evidence in this record, of the time when the offense was committed, places it in 1871, or 1872. The indictment was found in January, 1876; necessarily more than three years after the last possible day in 1872. Burglary is not one of the offenses mentioned in either of the sections 3949 and 3950 of the Revised Code. Hence, it is not governed by them. Being a felony, and not being specified in said two sections, it falls within the influence of section 3951, which declares that the prosecution of all other felonies "must be commenced within three years next after the commission of the offense." Postulating all the ingredients of the statutory crime of burglary, except that of the three years limitation, the court charged the jury, that if they find the defendant committed the offense "*before the finding of this indictment,*" then they must find him guilty as charged in the indictment. This authorized and required the jury to convict, no matter how long the offense was committed before the indictment was found. This was clearly an error. If there was a warrant of arrest, or the prisoner bound over, before the three years expired, and the indictment was but a continuation of such prosecution, and not the commencement of it, this should have been shown, and a proper charge, based on it, should have been given.—*Foster v. The State,* 38 Ala. 428; *Ross v. The State,* at present term.

2. The indictment charges that the "*other building,*" into which it is alleged the defendant broke and entered, contained meat and flour, "things of value," which were kept there "for use, sale, or deposit." This is a sufficient averment that the articles had value, and renders the indictment

good.—*Norris v. The State*, 50 Ala. 126 ; *Danner v. The State*, in manuscript.

3. The question of the exclusion of evidence is so presented, that we can not affirm the Circuit Court erred in the ruling. If a message was sent by Dr. Webb, the employer, to the accused, we are not informed what it was. *Prima facie*, it was hearsay, and irrelevant. If it were such as to cause the defendant to leave, or tended to show that he probably left on that account, we can not say it should have been excluded. The conduct and conversation of parties, accompanying an act, are generally admissible as part of the *res gestæ.*—*Autauga County v. Davis*, 32 Ala. 703 ; 1 Brick. Digest, 843. Of course, the weight of such evidence, when adduced, would be a question for the jury. The manner of the leaving, whether hasty or deliberate, and whether public or private, and the conduct afterwards, should always be taken into the account, in determining whether consciousness of guilt, or some other motive, prompted the flight.

The judgment of the Circuit Court is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.