# Williams *v*. The State of Alabama.

| 67 | 183 |
| 102 | 119 |

### Indictment for Burglary.

1.   *Courts; power to adjourn after opening of term.*—When the term is regularly opened, at the place appointed by law, courts have the inherent power to adjourn to any other day of the term ; and when the court is authorized to c ontinue "until the business is disposed of," it may adjourn to any day before the commencement of the next term.

2.   *City Court of Mobile; power of to adjourn.*—Under the provisions of the act of January 15, 1877, to regulate the sessions of the City Court of Mobile, the terms for criminal business may continue until the business is disposed of, and the court having met at the time and place appointed, it has the inherent power to adjourn for a week, and organize a grand jury when again in session on the day to which it was adjourned.

3.   *Burglary, what sufficient statement of value in indictment for.*—In an indictment for burglary, which avers that defendant, "with intent to steal, broke into and entered the store of H, in which goods, &c., things of value, were kept for use, &c.", sufficiently shows that things of value were kept therein, at the time of the breaking and entry, and is good.

4.   *Plea in abatement, as to drawing grand jury ; what must negative.*—A plea in abatement, which negatives the presence of the clerk of the Circuit Court at the drawing of the grand jury, but does not negative the presence of the clerk of the City Court, is bad.

5.   *Ownership ; how to be averred in indictment.*—When it is necessary in an indictment, to aver the ownership of property, it is sufficient to lay it in any one or more of several partners or owners.

6.   *Age ; when no disqualification for jury service.*—A man qualified to serve as a juror, is exempt when he reaches the age of sixty years, b ut such exemption is a personal privilege, which he may waive or assert.   Age does not disqualify, unless the person is under twenty-one or over seventy years of age.

[Williams v. The State.]

APPEAL from the City Court of Mobile,

Tried before Hon. O. J. SEMMES.

Appellant was indicted for burglary, at the November term, 1880, of the City Court of Mobile. The indictment contained two counts, in which it was alleged : " That Williams, with intent to steal, broke into and entered the shop, store &c., or other building of Hopkins, in which goods, merchandise and things of value were kept for use, sale, or deposit, against the peace," &c. The defendant demurred to the indictment, because it did not aver, at what time things of value were kept in the building charged to have been broken and entered, and because it did not aver that the particular things kept in said building, were things of value, nor what the valuable things were. The court overruled the demurrer. Defendant then pleaded in abatement, that " the grand jury that presented this bill were not organized as required by law, but were told by the court that they could go, but must return on the 22d of November, without specifying in the order what 22d of November was meant, thereby adjourning the court without day ; and because the grand jury were not drawn and summoned in the presence of the probate judge, sheriff, and clerk of the Circuit Court, as required by law, and were not summoned to appear on the 22d of November." A demurrer to this plea by the State was sustained. The defendant then pleaded " not guilty," and a jury was called to try the case. Among them was one Hamilton, who being questioned at the request of the defendant, as to his age, stated that he could not state it precisely, but thought he was sixty-eight years of age, and " passed for that age." The defendant objected to this juror, but the court overruled the objection and the defendant excepted. On the trial, it was shown that the room broken and entered, was leased by one Hopkins; that Hopkins had sub-let the front half of the room to the Atlantic & Pacific Telegraph Company ; that it was occupied by the said company at the time of the breaking and entering, and was only separated from the other half of the room by a railing, about four feet high ; that the door, which was broken open, and through which the entry was made, was in that part of the room occupied by Hopkins and Diard, who were partners in trade ; and that several articles were stolen from that part of the room occupied by Hopkins, and nothing from that part occupied by the Telegraph company. From the minutes of the court it appears that the judge of probate, sheriff, and clerk of the *City* Court of Mobile, met on October 13, 1880, and drew the grand jury by whom the bill against the appellant was found. It also

[Williams v. The State.]

appears, that the court met on the 15th of November, 1880, but adjourned until November 22, 1880, and on that day met and organized the grand jury. The defendant asked the court to charge the jury, " if they believe from the evidence, that Hopkins and Diard occupied the room in the building broken and entered, as a firm, at the time of the breaking, and the Atlantic and Pacific Telegraph Company occupied it in part, and as joint tenants of the same room, defendant can not be convicted under this indictment." This charge the court refused to give and defendant excepted.

The defendant was convicted, and the rulings of the court on the demurrers to the indictment, and the plea in abatement, as well as its action in overruling defendant's objection to the juror, Hamilton, and the refusal to give the charge above set out, are assigned as error. Numerous other exceptions were reserved, which the opinion of the court renders it unnecessary to notice.

COBBS & TOMPKINS, for appellant.—The judge adjourned the court for more than three days, and hence it stood adjourned, by operation of law, for the term.—Code, § 660. The indictment is bad ; it fails to aver that things of value were kept in the building at the time it was broken and entered. The language of the statute is " where, &c. or other valuable thing *is* kept." The language of the indictment is, that "valuable things *were kept*," &c. Being founded on a statute, it should clearly allege every fact which enters into, and is an ingredient of the offense.—*Rowland v. State*, 55 Ala. 210. Hamilton was an incompetent juror. His competency should have been affirmatively shown. The charge requested by appellant should have been given.—East's Pl. Cr. 500; 1 Russ on Crimes, 807, 826; 2 East's Pl. Cr. 513 ; 1 Chit. Cr. Law, 215, *et seq.*; 3 *Ib.* 1096.

H. C. TOMPKINS, Attorney-General, for the State.—The power of the court to adjourn to a future day of the term is inherent.—*Revels v. State*, 20 Ga. 275 ; *People v. Northup*, 50 Barb. 147. Section 660 of the Code does not apply to this case, it only applies where the court has not convened ; the court had the power also to adjourn the grand jury and order them to appear at another day of the term, for they were subject to the orders of the court.—*State v. Reid*, 20 Iowa, 422 ; *Clem v. State*, 33 Ind. 424. The plea in abatement was insufficient, for the jury was drawn in the presence of the clerk of the City Court. The averment of the value of the goods, &c., in the indictment was sufficient.—*Hurt v. State*,

55 Ala. 214. The charge as to the ownership of the room broken and entered was correctly refused.—2 Bish. Cr. Pr. 139 (note) ; Acts of 1878–9, p. 46.

BRICKELL, C. J.—The act approved January 15, 1877, " to regulate the sessions of the City Court of Mobile," provides " that the terms of said court for criminal business shall commence on the first Monday in February and June, and the third Monday in November, and continue until the business is disposed of." The terms for civil business, it is provided, shall commence on the first Monday in November, April, and July, and continue until the last days of each of said months. The judge of the court is by the terms of the act, clothed with discretion to extend the criminal into the civil terms, whenever in his judgment the criminal docket may require, and the civil docket admit of it.—Pamph. Acts, 1876–7, p. 170. The court was convened on the third Monday in November last, for criminal business, but a solicitor for the county not having been elected by the General Assembly, the court was adjourned without organizing the grand jury, until the succeeding Monday, November 22, 1880. On that day, the court re-assembled, the grand jury was duly organized, and subsequently returned into court, the bill of indictment upon which the appellant was convicted. It is now insisted, that the court was without power to adjourn for a longer period than three days, and that having adjourned for a longer period, it was not a court—the essential element of jurisdiction, *time*, a term appointed by law, was wanting. But when the term is regularly opened at the place appointed by law, the court, whether it is, as is the City Court, a court of general jurisdiction, or a court of limited jurisdiction, has the inherent power, (if it is not by positive legislative enactment, prohibited), to be exercised of its own discretion, [to adjourn] to any other day of the term. If, as in the case of the City Court, the only limitation of the term, is until the business is disposed of, the adjournment may be to any day before the commencement of the next term. *Lewis v. Intendant*, 7 Ala. 85 ; *Revel v. State*, 26 Ga. 275 ; *People v. Northup*, 50 Barb. 147. The power may be, as is insisted, capable of abuse ; but there is no indication in the present record, that it was not justly and discreetly exercised by the city judge. All courts are of necessity entrusted with very large discretionary powers which are capable of misuse, or of abuse ; but this capacity is an argument for care in exercise, and not in denial of the existence of such powers.

The proper construction of the indictment is, that things

of value, were, at the time of the breaking and entry of the building, kept therein for sale, use, or deposit, and it is good under repeated decisions of this court.—*Hurt v. State,* 55 Ala. 214.

The plea in abatement negatives the drawing of the grand jury in the presence of the *clerk of the Circuit Court,* but does not negative the presence of the *clerk of the City Court.* The presence of the latter with the judge of probate, and the sheriff, is sufficient under the provisions of the statute. Code of 1876, § 4733. It is shown affirmatively by the record, that the grand jury was drawn in the presence of the probate judge, sheriff, and clerk of the City Court. There was no error in the rulings of the City Court on this plea.

It is sufficient, when necessary in an indictment to aver the ownership of property, to lay it in any one or more of several partners or owners.—Acts 1878-7, p. 46.

A person having the other requisite qualifications is exempt from serving on juries, grand or petit, when he has reached the age of sixty years. The exemption is a personal privilege, which he may, in his own volition, waive or assert. Age is a disqualification only when the person has not attained twenty-one years, or is above seventy years.—Code of 1876, § 4884.

We have examined the numerous questions presented by the record. There is no error in them available to the appellant, and it would serve no useful purpose to prolong this opinion by passing upon them in detail.

The judgment of the City Court is affirmed.