## CRAWFORD v. CAMFIELD.

1. In an action by the indorsee against the indorser of a promissory note, payable in bank, on the 1st November, 1839, the declaration alleges " that afterwards when the said note was due and payable, according to its tenor and effect, to-wit, on the 3d of August, 1839, it was presented, &c.," and continues the mistake of the time of payment, in the averment of protest and notice, but always under a *scilicit*, the mistake cannot be reached by demurrer, nor as a variance; consequently it is not available on error after judgment by default.

WRIT of Error to the Circuit Court of Washington county.

Assumpsit by Camfield against Crawford, as the maker of two promissory notes, and as the endorser of a third. The declaration contains counts on each of the notes, and also a general money count.

The count on the indorsement, describes a note made by one Gascoigne, dated 1st November, 1838, payable to Crawford, twelve months after date, for 250 dollars, negotiable and payable at the Branch of the Bank of the State of Alabama at Mobile; after stating the endorsement by the defendant, the count proceeds to aver, "that afterwards, when the said note became due and payable according to the tenor and effect thereof, *to wit, on the 3d day of August,* 1839, the same was presented and shewn for payment at the said bank," and payment being refused, it "was then and there, *to wit, on the 3d day of August,* 1839, duly protested for non-payment, of all which, the said defendant afterwards, to wit, on the day and year last aforesaid, had notice."

The defendant suffered judgment to go against him by default, and damages were assessed on all the counts.

He now prosecutes his writ of error, and assigns that no cause of action is shown in the count on the indorsement. and therefore, the judgment being for damages assessed on all the counts, is erroneous.

CRAWFORD, *pro se*, submitted the case on written argument. LESESNE, *contra.*

GOLDTHWAITE, J.—If a demurrer had been interposed in the court below, to the couut complained of as showing no cause of action, it would have availed nothing, as the material averment is, that the note was presented at the time when it was due and payable according to its tenor and effect. It was, according to its effect, payable on the 4th day of November, and therefore, the averment, under a *scilicit,* that it was presented on the 3d of August, is repugnant and cannot vitiate. This was the precise point decided in Bynner v. Russel, [1 Bing. 23,] and to the same effect is Jackson, adm'r v. Henderson, [3 Leigh, 196.] This disposes of the entire question; for if the defendant could have no advantage of the mistake on demurrer, and could not prevent the note, properly protested, from going to the jury, under this averment, he certainly cannot now be heard.

Let the judgment be affirmed.