## McDADE. *vs.* THE STATE.

1. When the time of the commission of the offence charged is averred in an indictment under a *videlicet*, the prosecutor is not held to proof of it as laid; but he may prove that the offence was committed at any time before the finding of the indictment within the period prescribed as a bar.

ERROR to the Circuit Court of Montgomery.
Tried before the Hon Geo. Goldthwaite.

N. HARRIS, for plaintiff in error.

The rules of evidence in civil and criminal cases are the same; 1 Greenl. Ev. 82. In a declaration in trespass, when the trespasses are laid to have been committed between two periods of time, evidence is not admissible to prove a trespass committed without that period. Gould's Pleading 106, and cases cited in note.

M. A. BALDWIN, Attorney General, for the State.

1. The necessity of averring any time in an indictment of the commission of the offence, except when time enters into the character of crime, has been regarded as questionable, by

the Supreme Court of New York and of this State. It informs the party of nothing beneficial to his defence. People v. Santvoord, 9 Cowen 660; State v. Lapsly, 7 Por. 528.

2. There is one class of cases where we have high authority that it is not necessary to charge any time, and that is, where the offence, like the case at bar, consists in acts of omission. 2 Hawk. P. C., 25 ch., § 79; 1 Chitty Cr. Law 217.

3. But although it may be necessary, in all offences, to aver some time, yet there is no rule of law better established than this, that it is not necessary to prove the time as charged. 2 Hawk. P. C., Ch. 46, § 169; 1 Chitty Cr. L. 224; Roscoe Cr. Ev. 109; 3 Pick. 29; The State v. Sam, 2 Dev. 567.

4. Does the fact, that the time, as in this case, being laid under a *videlicet* or *scilicet* alter the rule? The general rule seems to be, that when time *is not* material, and is charged under a *videlicet* or *scilicet*, the pleader is not concluded by it. 1 Chitty Pl. 318; 1 Chitty Cr. Law 226; 3 Saunders 291, (note) top page 614; Paine, Judge, &c. v. Fox, 16 Mass. 133; Pharr and Beck v. Bachelor, 3 Ala. Rep. 244; Carlisle v. Davis, 9 ib. 860.

CHILTON, J.—The plaintiff in error was indicted as an overseer of a public road, for failing to keep the causeways and bridges, within his precinct, in good repair, but suffering them to remain uncleaned and out of repair for the space of ten days at one time, "between the time of his appointment and that period when it was to cease, to-wit: between the tenth day of November, 1850, and the tenth day of December, 1850, without being hindered by high water, bad weather, or other sufficient cause," &c.

The general rule requires the pleader to state some time when the offence was committed, within the period prescribed as a bar to the prosecution; but it is too well settled now to be questioned, that where the time is averred under a *videlicet*, the prosecutor is not held to proof of it *as laid*, but may prove that the offence was committed at any time before the finding of the indictment, and within the period prescribed as a bar. 1 Chit. Cr. Law 226.; Roscoe Cr. Ev. 109; see also as to the office of the *videlicet*, Pharr et al. v.

Bachelor, 3 Ala. Rep. 244; Carlisle v. Davis, 9 ib. 860; Crawford v. Canfield, 6 Ala. Rep. 153.

Let the judgment be affirmed.