## HOWARD vs. INGERSOLL.

1.   An action for damages for injuries done to land must be brought in the courts of the State in which the land is situated.

2.   When suit is brought in the courts of Alabama, for an injury to lands averred to be located in "the State of Georgia, to-wit : in the county aforesaid," a demurrer would not lie to the declaration, and a joinder in issue by defendant would not amount to a waiver of the jurisdictional question which would arise if the evidence showed that the land was located in Georgia.

THIS case comes back to this court from the Supreme Court

of the United States, where the previous judgment of this court, rendered at the January term, 1850, was reversed, and the cause remanded. For the facts of the case, see 17 Ala. 781, and 13 Howard's U. S. R. 381.

GOLDTHWAITE, J.—This court at the January term, 1850, affirmed the judgment which had been previously rendered by the Circuit Court of Russell County. The case was carried by writ of error into the Supreme Court of the United States, where the judgment rendered by this court was reversed, and the cause remanded, to be proceeded with in conformity with the opinion there delivered.

A motion is now made by the defendant in error, to affirm the judgment of the Circuit Court, upon a ground which, it is insisted, is distinct and independent of that upon which the judgment was previously affirmed, and which consequently was not presented, and did not enter into the consideration of the Supreme Court of the United States. This ground is, that the record shows that one count in the declaration was for overflowing the plaintiff's mill in the State of Georgia; that the evidence sustained this count; that this being the case, the plaintiff below was entitled upon the evidence to recover, without reference to the boundary line between this State and Georgia · and in that aspect, as the fact whether that line run east or west of the premises of Ingersoll made no difference, the error of the court in relation to it could not affect the right of the plaintiff below to recover. In other words, that the record shows that the plaintiff was entitled to recover upon the evidence, conceding the line as defined by the Supreme Court of the United States.

We do not think this position can be sustained. There is no count in the declaration which is, in legal effect, for overflowing the mill of the plaintiff in Georgia. We say "in legal effect," because the place, "in the State of Georgia," in which the mill is averred to be located, is stated under a *videlicet*, the office of which is to mark that the party does not undertake to confine himself to the place thus laid.—1 Green. Ev. 68; McDade v. The State, 20 Ala. 81, and cases there cited. As the plaintiff would not have been required, under this allegation, to have proved the location of the mill in Georgia, a demurrer could not

have been sustained upon that ground, and the joinder in issue by the defendant did not amount to a waiver of the jurisdictional question, which might be taken advantage of upon the evidence. When the case was last before this court, Chief Justice Dargan said: " The principal, if not the only question in this case, is, whether the mill, for the overflowing of which the suit is brought, is situated within the limits of the State of Alabama. If it is, the plaintiff has shown title to the land on which the mill is erected, and the suit is properly brought in the courts of this State. If, however, the mill is not situated within the limits of this State, then no suit can be brought in our courts to recover damages for the injury done to it, whether the plaintiff has title to the land or not ; for the action is local in its character, and can only be brought in the State in which the property is situated. The law is well settled, that all actions or suits to recover land, or to recover damages for injuries done to land or real property, must be brought in the courts of the country where the land is situated.—Story's Con. Laws § 554, and cases there cited."

The boundary line between Alabama and Georgia, as defined by the Supreme Court of the United States in the present case on error to that court, is a line running on the top of the western bank of the Chattahoochee river, along the inner edge of such bank ; and however much we may feel constrained to differ from that high authority, as to the conclusion to which they have attained, it is the duty of this court, while the decision remains in force, to recognize it as the law. Adopting this as the boundary line, it is clear from the evidence as stated in the bill of exceptions, that the mill for the overflowing of which the action was brought, was in Georgia, and the principle asserted by Chief Justice Dargan must operate, unless the joinder in issue has operated to withdraw the case from its influence.

As we have before said, in the last count the place where the mill is situated is laid under a *videlicet*, " to-wit : in the county aforesaid," and is, in legal effect, equivalent to locating the mill in Russell County, Alabama. The charge of the court asserted the legal proposition, that the plaintiff was entitled to recover although his mill was situated in Georgia. This was erroneous. If the defendant had upon this evidence requested the court to charge, that if the plaintiff's mill was in Georgia, that the ac-

tion could not be maintained, the refusal to give that charge would have been error.

The judgment must be reversed, and the cause remanded, to be proceeded with in conformity with the opinion of the Supreme Court of the United States.