# Sweeny *v.* Bienville Water Supply Co.

*Action for Malicious Prosecution.*

1. *Charge of court; to be construed as a whole.*—If exception is taken to isolated portions of the oral charge of the court, such portions should be construed in connection with the charge as a whole, and if thus taken and construed the law is properly stated, the court is not to be put in error because these isolated portions standing alone are erroneous. ;

2. *Same; presumed not abstract when.*—Where the bill of exceptions does not purport to set out all the evidence it will be presumed that a charge given was not abstract.

3. *Bill sent to customer may be withdrawn and corrected when.* If a bill is sent by a water supply company to a customer for water thereafter to be supplied, in which there is a mistake, it may be withdrawn and cancelled before any money is paid on it and accepted, or any binding contracts entered into between the parties.

4. *Charge asked in malicious prosecution, when bad in ignoring probable cause for warrant.*—A charge asked in a suit for malicious prosecution that if the defendant swore out a warrant in order to imprison the plaintiff, and not because of anything the plaintiff had done that was malicious, is bad in that it ignores the proposition of probable cause for suing out the warrant.

5. *Defective affidavit does not preclude defense of probable cause for suing out warrant.*—The fact that an affidavit on which

[Sweeney v. Bienville Water Supply Co ]

warrant of arrest is issued is defective, does not preclude the party making the affidavit from his defense of probable cause when sued for malicious prosecution by the party arrested.

6. *Rules of company when admissible in suit by customer for malicious prosecution.*—If a company causes a customer to be arrested for disorderly conduct for interfering with its employés in turning off water from his prémises, and is sued by him for malicious prosecution the rules of the company pertinent to the issue are admissible in evidence, it appearing that the plaintiff had been furnished with a copy several years before.

7. If an action is based on an alleged malicious prosecution had under a city ordinance the ordinance is relevant and competent evidence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The plaintiff sued the defendant company for malicious prosecution. The plaintiff had for some years been a customer of the defendant, having at his own expense put in a supply pipe with stop cocks attached from the main of the defendant located in the middle of the street to the sidewalk in front of his residence, which was also his place of business. The defendant notified plaintiff that it intended to change its rates from annual payments to meter rates. After this notice and after the plaintiff and the agent of defendant had had a conversation in regard to the proposed change against which the plaintiff protested the defendant sent to the plaintiff the usual bill for payment in advance at the yearly rates. This bill the plaintiff sent by his son to the defendant with check for its payment. The agent of defendant tore up the bill and returned the check and afterwards explained to the plaintiff that the bill was a mistake and that he must permit a meter to be put in his house or the water supply to him would be cut off. Plaintiff refusing the meter, the defendant sent his employés to cut off the water from the plaintiff. They went to the sidewalk in front of plaintiff's house and commenced to remove the dirt from over the stop cock which was on the plaintiff's supply pipe at that point; but plaintiff resisted and standing over the stop cock refused to permit it to be operated. The defendant caused plaintiff to be arrested for disorderly conduct

[Sweeney v. Bienville Water Supply Co.]

and for this arrest the plaintiff brought this suit for malicious prosecution. Three charges were asked by defendant and were given. The first marked "A" was to the effect that if there was no contract between plaintiff and defendant by which the company was to furnish water for any fixed time in the future then the company had the right to cut off the water at the curb and if the plaintiff interfered with the employés of the defendant while they were attempting so to do he was guilty of disorderly conduct. The second marked "B" that the dismissal of the prosecution against the plaintiff does not necessarily show that it was malicious or without probable cause. The third marked "C" that the defendant is not responsible for the acts of its agent willfully and intentionally done, and done beyond the range of his employment and without the command or authorization of the defendant. The rules referred to in the opinion reserved to the company exclusive use of stop cocks or service pipes which were placed at the curb in front of the premises of consumers, and also the right to apply a meter to any service pipe.

(1). GREGGORY, L. & H. T. SMITH, for appellant.—The court charged the jury that it was not necessary for the defendant to show that Sweeney was absolutely guilty of disorderly conduct but only that the evidence on which defendants acted was sufficient to justify them in believing that he was guilty. The evidence on which defendant acted in having Sweeney arrested was obtained from its employés who got their knowledge while acting as agents of the company and Sweeney's conduct was connected with the business of their employment. They were bound to know the exact truth and the company was charged in law to know the exact truth. Hence the charge was erroneous.—*Meher v. Dobbs,* 66 N. W. 64; *Hazard v. Flury,* 24 N. E. 194. (2). The defendant was charged with the duty of introducing water into Mobile and was occupying the streets under exclusive grant—it was a public servant. Being in the exercise of the public use and under a charter which did not permit the charge of meter rates it could not refuse to carry out its contract with plaintiff and demand meter rates.

[Sweeny v. Bienville Water Supply Co.]

*Berden v. Steam,* 27 Ala. 116; Beach on Private Corporations, Sec. 834; Lewis on Eminent Domain, Sec. 173; *McCrary v. Beaugry,* 7 Penn. 864; 8 Am. & Eng. Ency. of Law, p. 602; *Hangan v. Albino Light & Water Co.,* 28 Pac. 343.

BESTOR & GRAY, *contra,* cited *Jordan v. Alabama Great Southern R. R.,* 81 Ala. 220; *Rhodes v. King,* 52 Ala. 272.

DOWDELL, J.—The appellant, plaintiff in the circuit court, sued defendant for damages for malicious prosecution. There was a jury and verdict for the defendant. Certain exceptions were reserved to the court's rulings on the trial. The bill of exceptions does not purport to set out all of the evidence.

The plaintiff on the trial below reserved exceptions to certain parts of the oral charge of the court. These particular portions so excepted to by the plaintiff are pointed out in the bill of exceptions; the bill, also, sets out in full the oral charge as given by the court. The rule now seems to be well settled, that when exceptions are taken to isolated portions of the oral charge of the court, such isolated parts should be taken and construed in connection with the charge as a whole, and when so taken and construed, if the parts excepted to, though positively erroneous when standing alone, are so explained and modified by the context as that the law is truly stated, there is no ground for reversal.—*Richmond & Danville R. R. Co. v. Weems,* 97 Ala. 270; *Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141; *Harkins v. Hudson,* 45 Ala. 482; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514; *Rogers v. State,* 117 Ala. 9; *Simpson v. State,* 111 Ala. 6; *Jackson v. State,* 106 Ala. 12.

The bill of exceptions recites that the plaintiff excepted to that portion of the court's general charge to the jury which states, "that there was no probable cause to believe that the offense of disorderly conduct had been committed by John P. Sweeny." This standing alone would have been erroneous, as clearly invading the province of the jury. But take the connection in which it was said by the court, to-wit: "The burden is on the

plaintiff to make out his case and there are two things that he has undertaken to establish and he says that he has established them by the evidence in this case. That is, that there was no probable cause to believe that the offense of disorderly conduct had been committed by John P. Sweeny," and it is evident that the above criticism is not warranted. Besides, if there was error it was in favor of the plaintiff and not prejudicial to him. We have carefully examined the other isolated parts excepted to, in connection with that portion of the general charge with which they are connected and we fail to find any reversible error.

It is, also, a well established rule, that where the bill of exceptions does not purport to set out all of the evidence in the case, it will be presumed that a charge given was not abstract.—1 Brick. Dig. 336, §12. It cannot be said that the written charge designated as "a," "b," and "c," given at the instance of the plaintiff, do not contain correct propositions of law, and were properly given by the court, if there was evidence to support these charges and to which they might be referred, and it will be presumed that there was such evidence, when the bill of exceptions does not purport to contain all the evidence introduced on the trial, or some statement equivalent in effect to setting out the whole evidence in the bill.

There was evidence tending to show that the bill sent by defendant to plaintiff on November 1st, 1895, was sent through mistake, and when the plaintiff offered his check in payment of the same, the defendant declined the check and took up the bill, explaining to plaintiff that the same had been sent him through mistake.

There had been no payment of the money by the plaintiff or acceptance of the same by the defendant, and under the particular facts in this case, no binding contract had been executed by the parties, such as would prevent the defendant from declining and refusing to supply the water according to rates expressed in the bill which had been sent the plaintiff by mistake. It would be a strange doctrine to hold that a party cannot withdraw a proposition of contract made through an innocent mistake, where no rights have arisen or injury resulted under the proposition. The written charge re-

quested by the plaintiff numbered one invoked such a doctrine and was properly refused by the court.

The plaintiff might have owned the pipe from the main to the sprinkler and the trough, and still under the contract for the supply of water the defendant might have had the right of exclusive use of the stop cock at the curb, and as the bill of exceptions does not set out all the evidence, we cannot presume that such a state of facts did not exist. Charges two, three, four and six. requested by the plaintiff are opposed to this view and were properly refused. Charge five requested by plaintiff, ignores the proposition of probable cause for suing out the warrant, and is for that reason bad. A charge substantially the same as this one was held bad in the case of *Jordan v. A. G. S. R. R. Co.,* 81 Ala. 220.

The affidavit sets out a statement of facts, upon which the officer issued a warrant of arrest for disorderly conduct, and for this offense he was prosecuted. The fact that the affidavit was defective would not preclude the defendant when sued for malicious prosecution, from his defense of probable cause, as to the offense for which the plaintiff was in fact prosecuted under the affidavit and warrant. Affidavits sued out before justices of the peace are not required to be as accurate and precise as an indictment.—*Rhodes v. King,* 52 Ala. 272.

There was evidence tending to show that the plaintiff had been furnished with the rules of the defendant company as far back as 1892. This rendered the rules of the company offered in evidence admissible.

This action was based on an alleged malicious prosecution had under a city ordinance of the city of Mobile, and we are unable to see why the ordinance is not relevant and competent under the issues involved in the suit.

As to what it cost the defendant company to supply water, or the per cent made on the cost of production, we think was foreign to the issue. It in no manner elucidated the question as to whether the defendant's prosecution of the plaintiff was without probable cause and malicious.

The action of the court in overruling plaintiff's objection to the question asked the witness by defendant,

"what was the stop cock box for," if error, was without injury.

We find no error in the record, and the judgment of the circuit court is affirmed.