# Yancey *v.* The State.

*Violating Prohibition Law.*

(Decided April 13, 1911. 55 South. 267.)

*Intoxicating Liquors; Evidence; Time of Commission.*—Although section 7129, Code 1907, dispenses with the necessity of averring the precise time, yet, the proof must show that the offense was committed within the period of the statute of limitations before the finding of the indictment. (Sec. 7347, Code 1907.) Hence, upon the indictment found in September, 1909, and trial had in October, 1910, a conviction should not have been had where the only evidence as to the time of the offense was that it was committed on the 3rd of July.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Simpson Yancey was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

KNOX, ACKER, DIXON & BLACKMON, for appellant.

The court should have given the affirmative charge as requested by the defendant because the state failed to prove that the offense was committed within the pe-

riod prescribed by the statute of limitations or prior to the finding of the indictment.—Sec. 7347, Code 1907; *Mollett v. State,* 33 Ala. 408; *Armistead v. The State,* 43 Ala. 340; *Hurt v. The State,* 55 Ala. 214; *McDowell v. The State,* 61 Ala. 172.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The cause should be affirmed on the authority of *Ellsberry v. The State,* 52 Ala. 8.

PELHAM, J.—The defendant was tried and convicted of a violation of the prohibition laws, in the city court of Anniston, in October, 1910, on an indictment found in September, 1909. The only state's witness, one Chitwood, testifies to the transaction as happening at "Oxford, on Saturday before the 4th of July," and more specifically, in the latter part of his testimony, as occurring "in the wagon yard the night of the 3rd of July, in Calhoun county, at Oxford." The only other witness who in any way fixes the time is the defendant's witness John Yancey, who states it was "in Oxford on the night of the 3d of July." The defendant asked the general affirmative charge, and insists here that its refusal by the court below is error, because the evidence fails to show the transaction (a gift of prohibited liquor) occurred within the limitation prescribed by the statute in which the offense is punishable.

The prosecution must have commenced within 12 months next after the commission of the offense (Code 1907, § 7347), and, as a matter of course, the offense must have been committed before the indictment was found. It is not necessary to make any averment of time in an indictment when time is not a material ingredient of the offense charged (Code 1907, 7139), and no averment was necessary in this case that the indict-

[Howle v. The State.]

able act was done within the time prescribed by the statute of limitations; but it is a fact essential to be proven on the trial to support a conviction (*McDowell v. State*, 61 Ala. 172; *Molett v. State*, 33 Ala. 408; *Armistead v. State*, 43 Ala. 340; *Hurt v. State*, 55 Ala. 214). The record presents no facts from which a reasonable inference can be drawn that the offense was committed within the period prescribed by the statute in which it is made punishable, or was not committed in July, 1910, subsequent to the finding of the indictment, and the general charge requested by the defendant should have been given.

Reversed and remanded.