# Wetzell *v.* The State.

*Violating Prohibition Law.*

(Decided Jan. 18, 1912.   57 South. 509.)

*Intoxicating·Liquors; Time; Evidence; Sufficiency.*—Where the testimony showed only that the sale was made in the winter and before Christmas, it was not sufficient to bring the offense within the statute of limitations in a prosecution for violating the prohibition law.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Ed Wetzell was convicted of violating the prohibition law and he appeals.   Reversed and remanded.

RICHARD C. HUNT, for appellant.   The evidence was not sufficient to bring the offense within the statute of limitations, and the court improperly denied the defendant the affirmative charge.—*Gore v. The State,* 58 Ala. 391.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The charges were not numbered.—*Martin v. The State,* 1 Ala. App. 217; *Gibson v. The State,* 89 Ala. 122.   There was sufficient evidence to convict, and the affirmative charge was properly denied.

PELHAM, J.—The defendant was tried and convicted for a violaton of the prohibition law.   The State introduced but one witness who testified to the time of the commission of the offense, and this witness testified that he did not remember the time when he bought the prohibited liquor, but that "it was in the winter and was before Christmas."   The evidence is not sufficient

[O'Brien v. The State.]

to show that the offense was committed within the period of the statute of limitations before the finding of the indictment. The defendant asked the general affirmative charge, and insists here that its refusal by the court below is error, because the evidence fails to show that the transaction occurred within the limitation prescribed by the statute in which the offense is punishable.

The record fails to present evidence from which a reasonable inference can be drawn that the offense was committed within the period prescribed by statute making it punishable, and the case must be reversed.— *Yancey v. State,* 1 Ala. App. 226, 55 South. 267.

Reversed and remanded.

## *Violating Prohibition Law.*

