# Campbell *v.* Johnson.

*False Imprisonment.*

(Decided June 4, 1912. 59 South. 708.)

1. *False Imprisonment; Arrest; Sufficiency of Warrant.*—Whenever, on a fair and reasonable construction of the language of a warrant or a writ, it may be inferred that the charge was for something which the law has made an offense, such a warrant designates sufficiently an offense to afford a defense to an action for false imprisonment.

2. *Same.*—Where a warrant recites the making of an affidavit and commands the arrest of a defendant and bringing him before a justice of the peace to answer the charge of taking one yellow cow from J.'s lot and killing her, the warrant was sufficient to show that the arrest was ordered on the charge of a statutory offense, the malicious killing or injuring of an animal, the property of another, when construed in the light of sections 6230, 6703, 6704 and 6745, Code 1907.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Killis Campbell against Dan Johnson for false imprisonment. Judgment for defendant and plaintiff appeals. Affirmed.

PAUL HODGES, for appellant. The warrant was not sufficient to afford a defense to an action of false imprisonment based upon an arrest under such a warrant.—*Duckworth v. Johnson*, 7 Ala. 538; *Thrash v. Bennett*, 57 Ala. 161; *Rhodes v. King*, 52 Ala. 272; Fields v. Ireland, 21 Ala. 240.

[Campbell v. Johnson.]

GEORGE P. JONES, for appellee. No brief reached the Reporter.

WALKER, P. J.—The amendment of the complaint by striking out the counts for malicious prosecution left in it three counts for false imprisonment, to which a special plea was interposed, which averred in effect that the imprisonment complained of was under a warrant, a copy of which was set out in the plea, issued on an affidavit, a copy of which also was set out. The affidavit which was made by J. D. Johnson and sworn to before a justice of the peace in and for Lauderdale county, charged that Killis Campbell (the plaintiff in this suit and the appellant here) and another person did take from affiant's lot one yellow cow, and did kill her, against the peace, etc. The warrant, which was directed "to any lawful officer of said county," after reciting the making of the affidavit, commanded the arrest of the two persons named in the affidavit, and that they be brought before the justice of the peace issuing it, "to answer the state of Alabama on charge of taking one yellow cow from J. D. Johnson's lot and killing her, against the peace," etc. This plea was demurred to, on the grounds, among others, that the affidavit charged no offense known to the laws of Alabama, and did not authorize the issuance of the warrant, and that the warrant was void on its face, in that it did not charge or designate any criminal offense. The demurrer raised the objection to the plea that it showed on its face that the imprisonment was unlawful or without any legal authority.

The statute makes an affidavit a sufficient basis for the issuance of a warrant for the arrest of one on a misdemeanor charge, if it states that the affiant has probable cause for believing, and does believe, that an

offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in the county by a named offender; and in the warrant of arrest authorized to be issued on the making of such an affidavit before a proper officer it is sufficient to designate the offense as it is stated in the affidavit.—Code, §§ 6703, 6704, 6745, form 1. "Independent of statutory provision, technical accuracy in such proceedings, had before a justice of the peace, was not expected or required; and they were regarded as sufficient whenever, upon a fair, reasonable construction of their language, a charge of a known criminal offense could be gathered.—*Crosby v. Hawthorn,* 25 Ala. 221. A complaint of the commission of a criminal offense, made before a justice, is now. by the statute, defined as 'an allegation that a person has been guilty of a designated public offense' (Code of 1876, § 4647) ; and a warrant issued upon it is sufficient if it designates the offense by name, or describes it, or if it employs terms from which the offense may be inferred."—*Brown . State,* 63 Ala. 97.

Frequent applications have been made of the rules stated in the above quotation, with the result that warrants, the legal sufficiency of which was brought into question because of their alleged failure to show that the arrest commanded was on any criminal charge, have been held to have sufficiently designated a criminal offense whenever, on a fair, reasonable construction of their language, it could be gathered or inferred that the charge was of something which the law makes a crime.—*Adams v. Coe,* 123 Ala. 664, 26 South. 46; *Sweeny v. Bienville Water Supply Co.,* 121 Ala. 454, 25 South. 575; *Bradford v. State,* 134 Ala. 143, 32 South. 742. In the opinion in the case of *Spear v. State,* 120 Ala. 351, instances are given of warrants which had been

held to be sufficient to justify arrests under them, though the language used in them for the purpose of designating or describing the offense omitted an essential constituent of it.

The question then is: Can it be gathered or inferred from the language of the warrant which is set out in the plea that the arrest under that warrant was on a criminal charge known to the law, or does the warrant show on its face that the arrest ordered to be made was for something not by law made a criminal offense? As under the statute (Code, § 6230) one commits a criminal offense, "who unlawfully, wantonly, or maliciously kills * * * or injures any animal, * * * the property of another," to declare that it could not reasonably be gathered or inferred, from the language of a warrant which commands one's arrest on the charge of taking a cow from another's lot and killing her, that his arrest under such warrant was on a charge of unlawfully or wantonly killing an animal, the property of another, would amount to applying to such a proceeding a test of technical accuracy to which, under well-settled rules of law, it is not subject. A court, having in mind the existence of the statute just mentioned, could not well fail to infer from the language found in the warrant that the arrest ordered by it was for the offense created by that statute. We are of the opinion that the language of the warrant set out in the plea sufficiently shows that the arrest ordered by it was on a charge of the offense denounced by the statute just referred to. It follows, from this conclusion, that the defendant's plea of justification under legal process was not subject to the objections suggested in the demurrer to it, and that the court was not in error in overruling that demurrer.

Affirmed.