# Busby *v.* The State.

## *Violating Prohibition Law.*

(Decided May 14, 1914. Rehearing denied June 3, 1914.
65 South. 307.)

1. *Bill of Exceptions; Signing; Presentation; Presumption.*—
Where a bill of exceptions does not show when it was presented to
the trial judge, it will be treated as having been presented on the
day it was signed and that day not being within the time for pres-
entation, the bill will be stricken, although within the time for sign-
ing.

2. *Indictment and Information; Time of Offense.*—Where the affi-
davit alleged that the offense charged was committed within the
last twelve months, it was not subject to demurrer that it did not
show the commission of the offense within such time next before
the date of the making of the affidavit, and because it does not allege
the commission before such date.

·APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Leroy Busby was convicted of violating the prohibition law, and appeals.  Affirmed.

The affidavit is as follows, omitting formal part:

Personally appeared J. M. Gray, who, being duly sworn, deposes and says that he has probable cause for believing and does believe that within said county, and within the last 12 months, Leroy Busby, whose name to affiant is otherwise unknown, sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law, or sold, offered for sale, kept for sale, or otherwise disposel of prohibited liquors or beverages.

The demurrers were that the affidavit did not show that the offense charged was committed within 12 moths next before the date of the making of said affidavit, and because it does not allege that the offense charged was committed before the date of making said affidavit.

GRAY & WILLIAMS, for appellant.  Counsel discuss the errors assigned but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  Counsel insist that the bill of exceptions should be stricken because not shown to have been presented within the time required by law, and that with the bill stricken there was no merit in the assignment of error.

THOMAS, J.—In this case motion is made by the Attorney General to strike the bill of exceptions on the ground that it is not shown to have been presented to the trial judge within the time allowed by law.  The

[Slaten v. The State.]

motion must prevail. The judgment of conviction was rendered on September 30, 1913, and while the bill of exceptions purports to have been signed by the trial judge on December 30, 1913, which was within the time allowed for signing a bill, yet from no part of the bill does it appear when it was presented to the judge for signature. In this state of the bill, the most charitable construction is to treat the bill as having been presented on the day it was signed, which was December 30, 1913—more than, it is seen, 90 days after the judgment on September 30, 1913. It is consequently ordered that the bill of exceptions be, and it is hereby, stricken.

The only question presented for review, with the bill of exceptions out of the record, is the action of the court in overruling defendant's demurrer to the affidavit or complaint upon which he was tried. The demurrer is so palpably without merit as to require neither a discussion of it nor the citation of authorities.

The judgment of conviction is affirmed.

Affirmed.

*Violating Prohibition Law.*

