# Glover *v.* The State.

### Violating Prohibition Law.

(Decided December 17, 1914.  66 South. 877.)

1. *Appeal and Error; Review; Matters Not Shown.*—In the absence of a bill of exceptions the ruling of the court on the motion to quash the warrant and affidavit is not reviewable because not properly presented.

2. *Intoxicating Liquors; Affidavit; Time.*—Under section 7133, Code 1907, the time of unlawfully keeping for sale or selling intoxi-

[Glover v. The State.]

cating liquors was not a necessary averment of the affidavit charging such offense; an affidavit charging its commission "within the last twelve months" was sufficient, but if averred as committed at any time before the affidavit, defendant could require the state to show its commission at that time, and within the time prescribed by the statute making it punishable.

3. *Same; Sufficiency of Affidavit.*—Where the affidavit and warrant was in the form prescribed by form 1, sec. 6745, Code 1907, and within the purview of sec. 6737, Code 1907, it was sufficient.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Rich Glover was convicted of violating the prohibition law, and he appeals. Affirmed.

The affidavit, omitting formal charging part, is as follows:

Rich Glover, whose name is to affiant otherwise unknown, within the last 12 months, and within said county, sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law, or sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors and beverages, against the peace and dignity of the state of Alabama.

The motion to quash is based on the ground that it does not appear in either the complaint or warrant of arrest that the justice of the peace, who issued said warrant of arrest, had probable cause for believing that the offense charged had or has been committed. The demurrers were that it does not charge the commission of the alleged offense within 12 months before making the affidavit, but charges that the offense was committed within the last 12 months, which includes the time since the making of said affidavit, and for the reasons set out in the motion to quash.

The affiant alleges in the affidavit that he has probable cause for believing and does believe, etc.

L. D. GRAY, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The affidavit was sufficient.—Secs. 6737 and 6745, Code 1907; *Ross v. State*, 139 Ala. 134; *O'Brien v. State*, 91 Ala. 25. The court cannot consider the motion to quash for the reason that it is not shown by the bill of exceptions. —*Fitzpatrick v. State*, 169 Ala. 1.

PELHAM, P. J.—The ruling on the motion to quash the warrant and affidavit is not reviewable here, in the absence of a bill of exceptions.—*Fitzpatrick v. State*, 169 Ala. 1, 53 South. 1021.

The time at which the offense was committed was not a necessary averment of the affidavit. It could have been averred as committed at any day before making the affidavit charging the offense (Code, § 7139), and the defendant could have required the state to show that the offense was committed at that time prior to the perferment of the charge that was within the period prescribed by statute in which it is made punishable.— *Yancey v. State*, 1 Ala. App. 226, 55 South. 267. See also, *McDade v. State*, 20 Ala. 81, and *O'Brien v. State*, 91 Ala. 25, 28, 8 South. 560. The demurrer to the affidavit on the ground that it charged the offense to have been committed "within the last 12 months," was properly overruled.—*Busby v. State*, 10 Ala. App. 183, 65 South. 307.

The affidavit for the arrest of the defendant followed the requirements of the Code (section 6745, form 1; section 6737), and this is sufficient.—*Campbell v. Johnson*, 5 Ala. App. 518, 59 South. 708; *Ross v. State*, 139 Ala. 144, 36 South. 718. No error is shown by the record.

Affirmed.