# Doss v. The State.

### *Violating Prohibition Law.*

(Decided February 12, 1913.  61 South. 478.)

*Intoxicating Liquors; Sales; Limitation.*—Where the evidence for the state does not disclose that the alleged unlawful disposition of prohibited liquor was within the punishable period, the defendant was entitled to have the verdict directed for him.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

George Doss was convicted of violating the prohibition law, and appeals.  Reversed and remanded.

The state introduced but one witness, Armstead Bolling, who testified to having purchased liquor from the defendant, but as not remembering how or when, and that the money was not paid, but was left at this place, the amount of which the witness did not remember; said she could not tell whether it was within 12 months before the grand jury or not.  A great many questions were asked touching the time, all of which were answered by "I do not know," or "I cannot tell"; the witness stating that all she remembered was that she bought some whisky, but when and how much and how she could not recollect.

W. F. HOGUE, for appellant. The court erred in permitting the solicitor to pursue the course of examination indulged.—*Billingsley v. The State,* 85 Ala. 323; *B. R. & E. Co. v. Clay,* 19 South. 309.  The action of the court in having the witness arrested and bound over for perjury pending the trial was highly injurious.—*Hare v. Little,* 28 Ala. 248.  The sale was not shown to have

been within the prohibited period, and therefore, the defendant was entitled to have the verdict directed.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The record in this case shows that the court allowed the solicitor extreme latitude in examining the only witness introduced to make out the state's case in endeavoring to elicit from the witness that the sale of whisky, testified to as having been made by the defendant, was within the punishable period. This fact, essential to be proven to support a conviction, was not shown by the statement of the witness, as set out in the bill of exceptions; and the court was in error in refusing the general charge requested in writing by the defendant.—*Yancey v. State*, 1 Ala. App. 226, 55 South. 267; *Molett v. State*, 33 Ala. 408; *Armistead v. State*, 43 Ala. 340; *Hurt v. State*, 55 Ala. 214.

. For the error of the court in refusing the general charge, the judgment of conviction appealed from must be reversed.

Reversed and remanded.