# Hendrix *v.* The State.

### *Violating Prohibition Law.*

(Decided June 16, 1914.   65 South. 682.)

*Appeal and Error; Review; Refusal of General Charge.*—Although the evidence did not show whether the offense was committed before the finding of the indictment, or if so, whether it was within the period of limitations, yet, the record not showing that this matter was called to the attention of the trial court, no error can be predicated, under rule 35, Circuit Court, in the refusal of the trial court to direct a verdict for defendant.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. Sollie.

Peter Hendrix was convicted of violating the prohibition law, and he appeals. Affirmed.

C. S. McDOWELL, JR., for appellant. No time 'was shown as to when the offense was committed, this was a material matter, and entitled defendant to the affirmative charge.—*Holly v. State,* 63 South. 738; *Doss v. State,* 61 South. 478. Although the Supreme Court has power to make rules, it cannot do so contrary to the statutes. The rule relative to time and venue is found in sections 7139-40, Code 1907. Rule 35 is evidently contrary to these sections.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—The evidence for the state tended to show that the defendant sold the state's witness Nelson Dubose a pint of whisky on the streets of Clayton in the county of the prosecution, on a Saturday, but what month and year, and whether before or after the finding

[Hendrix v. The State.]

of the indictment, the bill of exceptions, which purports to set out all the evidence, fails anywhere to disclose.

It is incumbent on the state to prove that the offense was committed within 12 months before the finding of the indictment.—Code, § 7139, and cases there cited. Failing therein, as it did here, the defendant was entitled to the affirmative charge.—*Doss v. State,* 7 Ala. App. 121, 61 South. 478. However, rule 35 of circuit court rules, adopted by our Supreme Court on June 23, 1913, is applicable here. It provides, among other things, that:

"Whenever the general charge is requested, predicated on the failure of the proof as to time, venue, or any other point not involving a substantive right of recovery or defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded."

It does not appear from the record here that the point upon which the charge was asked was brought to the attention of the trial court, as required by the rule.

The judgment of conviction is consequently affirmed.

Affirmed.