# Thomas v. The State.

Larceny.

(Decided August 1, 1916.   Rehearing denied September 7, 1916.
72 South. 686.)

1. **Larceny; Asportation.**—Where the prosecution was for larceny of a bale of cotton, evidence that the cotton was left on the shipping platform of a railway station, marked with the owner's initials, and that defendant tried to erase the markings with oil and dirt, and then turned the bale over and placed his own initials thereon, after which he procured from the railroad agent a bill of lading with directions to ship, sufficiently showed an asportation of the property.

2. **Evidence; Judicial Notice.**—The court takes judicial notice of the location of the town and the counties in which they are located.

APPEAL from Bullock Circuit Court.
Heard before Hon. J. S. WILLIAMS.
Dave Thomas, alias, was convicted of larceny and he appeals. Affirmed on rehearing.

ERNEST L. BLUE, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1, 2)  The undisputed evidence shows that the bale of cotton, the subject of the larceny in this case, was left on the shipping platform of the Central of Georgia Railway, and at the time it was marked "C. N. W.," which were the initials of White; that he procured from the agent of the company a bill of lading, with directions to ship the cotton to "Dixie Warehouse," Union Springs, Ala., and left the cotton on the platform. Thereafter the defendant went upon the platform and tried to erase White's markings on the cotton with oil and dirt, and then turned the bale over and placed his own initials on the cotton, after which he procured from the railroad agent a bill of lading for the cotton, with directions to ship to another warehouse at Union Springs.   The court, at the conclusion of the evidence, at the request of the solicitor, gave the affirmative charge, with hypothesis in favor of the State, and refused a like

[Thomas v. The State.]

charge requested by the defendant. The defendant now contends that the giving of the charge requested by the solicitor was error because the evidence does not show an asportation of the property. This contention cannot be sustained. In *Croom v. State*, 71 Ala. 14, where the evidence only showed that the defendant shot a hog and cut its throat, these injuries resulting in the death of the hog, the court instructed the jury: "The least removal of the hog by the defendant after he shot and killed it would be an asportavit in law, and if the jury believed from the evidence beyond a reasonable doubt that the defendant shot and killed the hog and then took hold of it and cut its throat, that would constitute a taking and carrying away in the eyes of the law," and on appeal the charge was approved and the case affirmed. See also, *Molton v. State*, 105 Ala. 18, 16 South. 795, 53 Am. St. Rep. 97; Wharton's Criminal Law, p. 1385, § 1161; *Eckels v. State*, 20 Ohio St. 508; *Rex v. Walsh*, 1 Eng. Crown Cases (Moody) 14. The charge was erroneously given for another reason. The bill of exceptions purports to set out all the evidence and there is no evidence that the offense was committed in Bullock county.—*Bailey v. State*, 116 Ala. 437, 22 South. 918. The case is not within the influence of rule 35, Circuit Court Practice, 175 Ala. xxi. That rule has application where the affirmative charge is requested by appellant and its request is predicated on a failure of the evidence to prove venue, etc.

Reversed and remanded.

ON REHEARING.

(4) While there was no positive proof that the offense was committed in Bullock county, the state's witness Keith testified that he was the agent of the Central of Georgia Railway Company at Inverness, Ala.; that on or about November 10, 1915, the bale of cotton in question was delivered to him as such agent for shipment to Union Springs, and that this bale of cotton was left on the shipping platform at the depot; and that thereafter the defendant defaced the markings and turned it over and remarked it. The court will take judicial knowledge of the fact that Inverness, Ala., is in Bullock county, and the jury was authorized to so find without proof of this specific fact.—*Rector v. State*, 11 Ala. App. 333, 66 South. 857.

The rehearing is granted, and the judgment affirmed.

Affirmed.