# Pounds v. The State.

## Murder.

(Decided November 14, 1916.   73 South. 127.)

1. **Criminal Law; Venue; Proof.**—It is not necessary to prove venue by direct testimony, but it may be proven as other facts by circumstances from which the inference may be drawn by the jury.

2. **Same.**—Under Rule 35, Circuit Court Practice, where it was not shown that the attention of the trial court was directed to the fact that the general charge was requested upon the ground of failure of proof of venue, the court will not be put in error for refusal of the general charge predicated on that ground.

3. **Charge of Court; Degree of Proof.**—A charge that the evidence must be so convincing as to lead the minds of the jury to the conclusion that a defendant could not be guiltless before they can find him guilty, exacted a too high degree of proof of guilt.

4. **Same; Assuming Facts.**—A charge that if the jury believe from the evidence that defendant was free from fault at the time he struck deceased, and that deceased was in the act of drawing a pistol in such manner as to produce in the mind of a reasonable man that it was necessary to strike to prevent the taking of life or great bodily harm to defendant, and that defendant believed such necessity existed, then defendant was to be found not guilty unless the jury believe beyond a reasonable doubt that defendant could have escaped or retreated at the time of the assault without increasing his danger, assumed facts, the truth of which the jury might not believe.

5. **Homicide; Self Defense; Burden of Proof.**—The burden is on defendant under the plea of self defense, and unless the jury is satisfied from the evidence that the plea is sustained, then there is a failure of evidence.

6. **Trial; Undue Prominence.**—The court is under no duty to give charges which instruct the jury that they may look to certain evidence or may consider certain facts.

7. **Same.**—Charges that if, after considering all the evidence or any part of it, the jury believe there is a probability of defendant's innocence, it was their duty to acquit, are properly refused because erroneous in stating in the alternative that the jury would be justified in acquitting defendant, based on a probability of his innocence on a consideration of a part only of the evidence.

8. **Same; Submitting Legal Question to the Jury.**—A charge that if the jury have a reasonable doubt generated by all the evidence in the case as to

whether defendant acted in self defense, then they should acquit, was properly refused as submitting a question of law to the jury.

9. **Same; Covered by Those Given.**—Although a charge states a correct proposition of law, the refusal to give it was not erroneous if it has been substantially given in other charges.

APPEAL from Elmore Circuit Court.

Heard before Hon. S. L. BREWER.

Julius J. Pounds was convicted of murder in the second degree, and he appeals. Affirmed.

Defendant was charged with killing one Peebles. The killing occurred in a general fight between the two men, and in the scuffle defendant drew a pistol and fired, while the pistol was close to Peebles' side. The only matters assigned for error are the refusal of certain charges to defendant, as follows:

(2) The court charges the jury that the evidence in this case must be so convincing as to lead the mind of the jury to the conclusion that defendant could not be guiltless, before they can find him guilty.

(3) If you believe from the evidence that Pounds, at the time he struck Peebles, was free from fault in bringing on the difficulty, and that Peebles was in the act of drawing a pistol in such manner as to produce in the mind of a reasonable man that it was necessary to strike to prevent the taking of life, or great bodily harm to defendant, and that defendant really believed that such necessity existed, then you must find defendant not guilty, unless you believe from the evidence beyond a reasonable doubt that Pounds should have escaped or retreated at the time of said assault, without increasing his danger to life or great bodily harm from the assault of Peebles.

(4) The jury may look to the conduct of deceased on the day and at the time of the killing, in connection with the other evidence in the case, to determine whether deceased was a violent and dangerous character.

(11) If, after considering all the evidence, or any part thereof, the jury believe that there is a probability of defendant's innocence, it is your duty to acquit.

(17) If the jury have a reasonable doubt, generated by all the evidence in the case, as to whether defendant acted in self-defense, then they should acquit.

(13) The court charges the jury that if, after considering all the evidence in the case, that tending to show guilt, together

[Pounds v. The State.]

with that tending to show innocence, there should spring up involuntarily in the minds of the jury from any part of the evidence a probability of the innocence of defendant, the jury must acquit.

FRANK W. LULL, and J. M. HOLLEY, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—Additional copies of the record having been furnished, as provided by Supreme Court rule 46 (see rule 46, front pages, 178 Ala.), this case has been considered and opinion prepared in compliance with that rule.

(1, 2) The general affirmative charge in behalf of the defendant was properly refused. It is not necessary to prove venue in express terms by direct testimony. Venue, as any other fact, may be proven by circumstances from which the inference may be drawn by the jury.—*Powell v. State,* 5 Ala. App. 75, 83, 59 South. 530. The state's witness Keener Welsh testified to facts from which the jury might properly conclude that the venue was within the jurisdiction of the court. There was considerable testimony by other witnesse, affording proof of venue. It is not shown that the trial court's attention was directed to the fact that the general charge was requested upon the ground of failure of proof of venue; and the trial court cannot be put in error for the refusal of the general charge predicated upon that ground.—Circuit Court Rule 35, 175 Ala. xxi.

(3) Charge No. 2, requested by the defendant, exacts too high a degree of proof of guilt.—*Thornton v. State,* 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97; *Yarbrough v. State,* 115 Ala. 92, 22 South .534.

(4, 5) Charge No. 3 is erroneous in assuming the truth of facts which the jury had the right to disbelieve.—*Powell v. State,* 5 Ala. App. 75, 83, 59 South. 530. It also misplaces the burden of proof as to an element of self-defense. Under the plea of self-defense, the burden is on the defendant, and, unless the jury are satisfied from the evidence that the plea is sustained, the defense fails.—*Lawson v. State,* 155 Ala. 44, 46 South. 259.

(6) The court is under no duty to give charges which instruct the jury that they may "look to" certain evidence, or "consider"

certain facts, and charge No. 4 was, for this reason, properly refused.—*Stone v. State,* 105 Ala. 60, 17 South. 114.

(7) The probability of defendant's innocence, which justifies an acquittal, must arise from a consideration of all the evidence. Charge No. 11 is bad in stating in the alternative that the jury would be justified in acquitting the defendant, based on a probability of his innocence from a consideration of a part only of the evidence.—*Olden v. State,* 176 Ala. 6, 58 South. 307.

(8) Charge 17 submits a question of law to the jury, and was properly refused.—*Greer v. State,* 156 Ala. 15, 47 South. 300.

(9) A number of charges were given by the court at the request of the defendant. Some of these charges were more favorable to the defendant than was justified under the well-settled rules of law, several times announced by the Supreme Court and this court, in condemning similar charges to some of those given. The Supreme Court has approved in *Smith's Case,* 182 Ala. 38, 62 South. 184, a charge in the same language in that case (charge 16) as refused charge No. 13 in the case under consideration. The charge is criticised in the opinion in *Smith's Case* as subject to hypercriticism, yet a correct statement of the law. It would seem to be open to the same criticism of a somewhat similar charge condemned in a group of charges in *McClain's Case,* 182 Ala. 67, 62 South. 241, as being an incorrect statement of the law, in predicating an acquittal on a reasonable doubt of guilt or probability of innocence "not existing in the face of the whole evidence."—181 Ala. 81, 62 South. 244. (The word "consistent," as it appears in the report of this case, in charge H should read "inconsistent," as appears from the original record.) See, also, *Moss' Case,* 152 Ala. 30, 44 South. 598.

The refusal of this charge in *Smith's Case, supra,* was held not to be error, because it was satisfactorily covered by charges 3 and 4 in that case. We have examined these charges in the original record, and think that, on the authority of that holding, given charges Nos. 5, 6, 12, and 14 satisfactorily cover the refused charge 13 in the instant case. In the court's general charge to the jury, they were also instructed that if, from a fair and just consideration of the whole evidence, the jury had a reasonable doubt of the guilt of the defendant, it was the duty of the jury to return a verdict of not guilty. The charge (13) is on the probability of innocence arising out of a consideration of the evidence authorizing an acquittal. As held in *Smith's Case,*

[Chappell v. The State.]

*supra,* the refusal of such a charge is not error, where it is covered by given charges to the same effect on a reasonable doubt of guilt. It is but a different way of stating the same rule of law; the charges, in substance and effect, embody the same proposition in each instance, and the principle involved is not distinguishable.

The evidence was before the jury without objection. The issues were clearly presented, and the jury was fairly instructed by the court on the law applicable to the issues. We think the jury could not have been left in doubt on the principle of law sought to be brought to their attention by charge 13. It seems to us that the defendant was accorded a fair and impartial trial, and that no error prejudicial to his substantial rights is presented by the record that would authorize a reversal of the judgment of conviction.

Affirmed.