(78 South. 415)

HOUSTON v. STATE. (4 Div. 526.)

(Court of Appeals of Alabama. April 2, 1918.)

1. CRIMINAL LAW ☜737(2) — PLACE OF OFFENSE—QUESTION FOR JURY.

Where three shoats the subject of larceny disappeared in B. county and were found in defendant's possession about a mile away in H. county with marks changed, it was a question for the jury whether the crime was committed in B. county, or within one-fourth of a mile of the line thereof.

2. CRIMINAL LAW ☜1033(2)—REVIEW—MATTERS NOT BROUGHT TO ATTENTION OF THE TRIAL COURT.

There being nothing in the record to indicate that question whether crime of larceny was committed in county where defendant was prosecuted was brought to the attention of the trial court before argument of case was completed, defendant would not be entitled to reversal, in view of Court Rule 35 (175 Ala. xxi), providing that, whenever the general charges requested are predicated upon proof as to venue, the trial court will not be put in error, unless it appears that the complaint upon which it was asked, was brought to its attention before the argument of the case was concluded.

3. LARCENY ☜68(1)—IDENTITY OF PURPOSE—SUFFICIENCY OF EVIDENCE.

In prosecution for larceny of three shoats, question of identity held, under evidence, for the jury.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Jesse Houston was convicted of petit larceny, and appeals. Affirmed.

Winn & Winn, of Clayton, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1] Three shoats, the subject of the larceny charged, disappeared from the possession of the owner in Barbour county, and were found in the possession of the defendant about one mile away in Henry county, with the marks changed, the mother of the shoats and one shoat of the litter remaining with the owner. Under the facts, it was a question for the jury to say whether the crime was committed in Barbour county or within one-fourth of a mile of the line. Britton v. State. 15 Ala.App. 584, 74 South. 721.

[2] Besides, there is nothing in the record to indicate that this point was brought to the attention of the trial court, before the argument of the case was completed, or at all, and hence, under Circuit Court Rule 35 (175 Ala. xxi), would not entitle the defendant to a reversal.

[3] The question of the identity of the shoats was for the jury under the evidence, and the mere fact that one state's witness

had testified that the shoats were barrows, and one of defendant's witnesses had testified that the shoats in defendant's possession were boars, would not entitle the defendant to the affirmative charge in the face of the testimony of several witnesses, who positively identified the shoats as being the same, none of whom said whether they were boars or barrows, but testified to other positive marks. Britton's Case, supra. The several rulings of the court have been examined, and found to be without prejudicial error.

There is no error in the record and the judgment is affirmed.

Affirmed.