(79 South. 620)

RAY v. STATE. (6 Div. 452.)

(Court of Appeals of Alabama. May 28, 1918, Rehearing Denied June 11, 1918.)

1. EMBEZZLEMENT ⬤⇒47 — AGENCY — JURY QUESTION.

Whether defendant received money as agent is for the jury where the evidence is conflicting.

2. EMBEZZLEMENT ⬤⇒1 — DISTINCTION BETWEEN EMBEZZLEMENT AND LARCENY.

If defendant was agent of a mortgagee and collected the mortgage as such agent and fraudulently converted the money to his own use, he was guilty of embezzlement and not larceny.

3. EMBEZZLEMENT ⬤⇒14—BY AGENT.

That defendant, when collecting money as agent for his principal, stated to the debtor that he owned the claim, did not relieve him from criminal responsibility for embezzlement on fraudulently converting the money.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. CRIMINAL LAW ☞564(7) — VENUE — EVIDENCE.**

Where an agent took a mortgage in one county, went into another and collected it, returning the same day, and testified on the trial, "I spent the $50 and used it myself," the evidence is sufficient to authorize a finding that the conversion occurred in the first county.

**5. CRIMINAL LAW ☞1036(8)—APPEAL—OBJECTIONS BELOW.**

Under Circuit Court Rule 35, the trial court will not be put in error for refusing the affirmative charge, where the record does not affirmatively show that the prosecution's failure to prove venue was brought to the court's attention before the argument was concluded.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Lattie Ray was convicted of embezzlement, and appeals. Affirmed.

Edward De Graffenried, of Tuscaloosa, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted in the circuit court of Tuscaloosa county for the offense of embezzlement.

[1-3] Neither of the two questions insisted upon can avail the defendant on this appeal. The first, as to whether the defendant was guilty of larceny or embezzlement, under the facts in this case, was clearly a question for the jury, and the court properly submitted this question to the jury for its consideration. On this question the testimony of the state and that of the defendant were in sharp conflict. The evidence of the state tended to show that the defendant was the agent of one Pearson, the owner of a mortgage, to collect said mortgage for him; that he collected $50, the amount charged in the indictment, on said mortgage, and there is no conflict in any of the evidence that the defendant converted this $50 to his own use. The testimony of the defendant tended to show that he collected the $50 in money upon said mortgage and appropriated it to his own use, but that, instead of being the agent of said Pearson for the collection of the mortgage, he had bought the mortgage from Pearson at the time it was turned over to him, and that the money collected belonged to him. If the defendant was the agent of Pearson, and collected the money alleged in the indictment as such agent, and then fraudulently converted this money to his own use, these facts are sufficient to sustain a conviction for embezzlement. Dozier v. State, 130 Ala. 57, 30 South. 396; Beckham v. State, 100 Ala. 15, 14 South. 859; Holbrook v. State, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; Eggleston v. State, 129 Ala. 80, 30 South. 582, 87 Am. St. Rep. 17.

And if these facts existed, the mere fact that, at the time of making the collection, the defendant stated to the mortgagor that the mortgage belonged to him, would not relieve him from being the agent of Pearson as contended by the state and as charged in the indictment.

The distinction between larceny and embezzlement has been very clearly defined in the cases of Holbrook v. State, supra, and Wall v. State, 2 Ala. App. 157, 56 South. 57. In Holbrook's Case, it was said:

"But if the goods or money have come to the possession of the servant from a third person, and have never been in the hands of the master, they will not be considered to have been in the constructive possession of the master, for the purposes of larceny. * * * The rule has never been doubted."

In the instant case, there was testimony showing that the money was collected by the defendant as the agent of Pearson, from the mortgagor, one Ballard, a third person, and that the money had never come into the possession of the mortgagee Pearson; therefore the conversion to his own use by the defendant of this money would constitute the offense of embezzlement and not larceny. The jury so found, and the verdict based upon this evidence was authorized and should not be disturbed.

[4] It is next insisted that the affirmative charge requested in writing by the defendant should have been given on the grounds that the venue was not proven; it being insisted that, if any crime was committed by the defendant in this case, it was committed in Pickens county and not Tuscaloosa county. The undisputed testimony shows that the mortgage was delivered to defendant in Tuscaloosa county on a certain day, that he went to Pickens county and collected the $50 and returned to Tuscaloosa county on that same day, and the defendant testified, "I spent the $50 and used it myself, as it was mine." It was therefore a question for the jury to determine as to when he converted the money to his own use, and it appears that there was sufficient evidence to afford an inference that the conversion of this money to his own use occurred in Tuscaloosa county, and therefore the jury were authorized in so finding.

[5] However, from the facts as shown by the record in this case, rule 35 of the Circuit Court Rules is conclusive of this question, and necessitates an adverse holding to the contention of the defendant, as it does not appear from the record that the point upon which the charge was asked was brought to the attention of the trial court as required by said rule, which is as follows:

"Whenever the general charge is requested, predicated upon failure of proof as to time, ven-

ue or any other point not involving substantive right of recovery or of defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal, that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded," etc.

It is not affirmatively shown by the record that the failure of the prosecution to prove the venue was brought to the attention of the trial court, and in the absence of such showing the trial court will not be put in error for refusing the affirmative charge. Hendrix v. State, 11 Ala. App. 207, 65 South. 682; Jones v. State, 13 Ala. App. 10, 25, 68 South. 690; McPherson v. State, 198 Ala. 5, 73 South. 387.

The refusal of other written charges was without error.

The judgment of conviction is affirmed.

Affirmed.