(86 South. 139)

BELL v. STATE. (6 Div. 603.)

(Court of Appeals of Alabama. Feb. 10, 1920. Rehearing Denied April 6, 1920.)

1. CRIMINAL LAW ⊜⟺1129(1)—ERRORS MAY BE ASSIGNED ON APPEAL.

It is permissible in criminal case for counsel to assign errors, and mandatory in all appeals in civil matters.

2. CRIMINAL LAW ⊜⟺564(1)—VENUE SUFFICIENTLY SHOWN.

In a prosecution for grand larceny, evidence *held* sufficient to establish the venue.

3. CRIMINAL LAW ⊜⟺304(6)—JUDICIAL NOTICE THAT BIRMINGHAM IS SITUATED IN JEFFERSON COUNTY.

The court judicially knows that Birmingham, Ala., is situated in Jefferson county.

4. CRIMINAL LAW ⊜⟺1036(8), 1086(14) — GROUNDS FOR AFFIRMATIVE CHARGE MUST BE STATED, AND THIS MUST APPEAR IN RECORD.

A defendant in a criminal case could not avail himself of the ruling of the trial court in refusing the general affirmative charge, unless

⊜⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the grounds upon which it was requested were brought specifically to the attention of the trial court, and this fact on appeal must be affirmatively shown by the record.

**5. LARCENY ☞68(1)—EVIDENCE HELD SUFFICIENT TO WARRANT AFFIRMATIVE CHARGE.**

In a prosecution for grand larceny, evidence *held* such as to warrant the court in refusing to give the affirmative charge on request of defendant.

**6. CRIMINAL LAW ☞822(1)—ORAL CHARGE MUST BE CONSTRUED AS A WHOLE.**

In determining whether there was error in an oral charge, it must be taken as a whole.

**7. CRIMINAL LAW ☞775(3)—CHARGE AS TO ALIBI HELD PROPER.**

In a prosecution for grand larceny, court properly, in reference to alibi, charged: "When a defendant undertakes to prove an alibi, he must do so to your reasonable satisfaction, and if he fails to sustain that plea, that is a circumstance which you may weigh in throwing light on the question as to whether he is guilty or not. This is for you to say from the evidence: Was he somewhere else at the time the offense was committed, if it was committed? Do you know from this evidence when it was committed? Has any one told you for certain when this defendant was with Mr. B.? These are questions to be determined from the evidence."

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Bud Bell, alias Will Rogers, was convicted of larceny, and he appeals. Affirmed.

Certiorari denied 204 Ala. 697, 86 South. 926.

The evidence tended to show that two green country negroes came to Birmingham, named Ananias Thompson and his wife, Rosa, and were met by a very nice, polite negro, called variously Bud Bell and Will Rogers, who offered to show them to a street car, but in the meantime desired to have them change a $100 bill. Rosa gave him all the money they had, $67, and waited patiently for him to go out and get the other money to complete the transaction. The presumption is she is still waiting. In reference to the alibi the court charged as follows:

When a defendant undertakes to prove an alibi, he must do so to your reasonable satisfaction, and if he fails to sustain that plea, that is a circumstance which you may weigh in throwing light on the question as to whether he is guilty or not. This is for you to say from the evidence: Was he somewhere else at the time this offense was committed, if it was committed? Do you know from this evidence when it was committed? Has anybody told you for certain when this defendant was with Mr. Bibbins? These are questions to be determined from the evidence, gentlemen.

Roderick Beddow and Ben F. Ray, both of Birmingham, for appellant.

The defendant was entitled to the affirmative charge, because the jurisdictional facts were not proven. Section 143, Const. 1901; section 7225, Code 1907. Miss Henry could not testify from the city books. 3 Ala. App. 567; 57 South. 1034; section 4003, Code 1907; 90 Ala. 147, 7 South. 919; 9 Ala. App. 55, 64 South. 171. The court was in error in its oral charge as to the alibi. 28 Ala. 236; 30 Ala. 45; 140 Ala. 137, 37 South. 223; 38 Cyc. 1647.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court did not err in receiving Miss Henry's testimony. 198 Ala. 102, 73 South. 430. The cases cited by defendant sustain the oral charge of the court. Counsel discuss other assignments of error, but without further citation of authority.

BRICKEN, P. J. [1] The defendant was convicted of the offense of grand larceny. On appeal here, counsel assign errors, which, of course, is permissible in a criminal case, and mandatory in all appeals in civil matters.

[2-5] From a careful reading of this record, it is difficult to understand upon what theory it is so strenuously urged (both in the oral argument made to this court and in brief and argument on file) that the court erred in refusing the general charge requested by defendant. There is no conflict in the testimony with reference to the commission of the crime by some one; the corpus delicti is proven without dispute; and there is a positive identification by the injured parties of the defendant as being the man who committed the offense. The venue was clearly proven by witness Ananias Thompson and by two other witnesses. Ananias testifying that it occurred in Birmingham, Jefferson county, at or near the depot of the Louisville & Nashville Railroad, in said city. Rosa Thompson that, "It happened here in Birmingham," and witness Matlock "that it happened in this county," all or any of which is amply sufficient to establish the venue, for the court judicially knows that Birmingham, Ala., is situate in Jefferson county. There was also other evidence from which proof of venue could be inferred. But pretermitting all this, the defendant could not avail himself of the ruling of the court in refusing the general affirmative charge, unless the grounds upon which it was requested were brought specifically to the attention of the trial court, and this fact must, on appeal, be affirmatively shown by the record, which is not the case here. Ray v. State, 16 Ala. App. 496, 79 South. 620; circuit court rule 35; McPherson v. State, 198 Ala. 5, 73 South. 387. The court did not err in refusing to give this charge.

There are several assignments of error re-

lating to the rulings of the court on the testimony. Each of the exceptions has been carefully examined, and we are clearly of the opinion that they are free from all error which would prejudice the substantial rights of the defendant. It would serve no good purpose to deal separately with each of these exceptions, and we deem it sufficient to say that no error of a reversible nature appears.

[6, 7] The court's oral charge when taken as a whole, as we must take it, is free from error, and the exceptions reserved to several portions thereof are without merit. That portion of the oral charge relating to the alibi of defendant is also free from error. Porter v. State, 55 Ala. 105; Kilgore v. State, 74 Ala. 1; Carter v. Chambers, 79 Ala. 231; Wray v. State, 2 Ala. App. 139, 57 South. 144.

The evidence in this case, as shown by the record, was of that character, from its conflicts and contradictions, to make it a question for the jury. After a consideration of the whole record we are of the opinion that the case was properly, and without reversible error, submitted to the jury for its determination.

The judgment of the circuit court is therefore affirmed.

Affirmed.