(87 South. 705)

## REAVES v. STATE. (6 Div. 744.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied June 22, 1920.)

1. Homicide ⊜⟹307(4)—Instruction that under evidence defendant could not be guilty of murder or manslaughter held properly refused.

In a prosecution for murder, where the evidence was sufficient to sustain either of the charges embraced in the indictment, written charges that under the evidence defendant could not be guilty of murder or manslaughter were properly refused.

2. Criminal law ⊜⟹1086(14)—No reversal for failure to prove venue, where record fails to show that it was brought to court's attention before close of argument.

Under circuit court rule 35 (175 Ala. xxi), the court will not be put in error for refusing the affirmative charge, or refusing a motion for new trial, where the record does not affirmatively show that the prosecution's failure to prove venue was brought to the court's attention before the argument was concluded.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 425.

**3. Homicide ☜146—Malice may be presumed from use of deadly weapon.**

The malice necessary to sustain a conviction for murder may be presumed from the use of a deadly weapon, unless the circumstances surrounding the killing rebut malice.

**4. Homicide ☜13—Where defendant killed deceased while attempting to kill another, malice toward latter is available to state.**

Where defendant shot and killed deceased while trying to kill another, his malice toward such other is available to the state.

**5. Criminal law ☜829(1)—Refusal of charge almost identical with one given held not error.**

In a prosecution for murder, it is not error to refuse defendant's requested charge, which is almost identical with another charge given at defendant's request.

**6. Criminal law ☜1064(6), 1119(4)—Solicitor's remarks, not incorporated in bill of exceptions nor as grounds for new trial, held not reviewable.**

In a murder prosecution, where the solicitor's remarks, which the court charged the jury should not consider, were not incorporated in the bill of exceptions, nor set out as ground for new trial, nor in any other way presented for review, the matter cannot be reviewed.

**7. Homicide ☜308(1)—Requested instruction as to first degree murder held properly refused, because elliptical.**

In a prosecution for murder, a requested instruction that, "if you believe from the evidence in this case that the defendant did not have any malice or had not premeditated the killing of the defendant, then the defendant would not be guilty of murder in the first degree," held bad, among other things, because elliptical.

**8. Criminal law ☜829(1)—Refusal of instructions on matters covered by others not error.**

In a murder prosecution, it was not error to refuse defendant's instructions on matters properly covered by the court's oral charge.

**9. Homicide ☜307(4)—Instruction for acquittal, stating hypothesis for conviction for manslaughter, was properly refused.**

In a prosecution for murder, it was not error to refuse defendant's instructions for acquittal of all crime, when under the hypothesis such instruction stated the defendant could be guilty of manslaughter in the second degree.

**10. Homicide ☜304—Instruction as to accidental homicide held properly refused, as pretermitting consideration of real questions.**

In a prosecution for murder, an instruction that, "if you believe from the evidence in this case that the death of the deceased was unintentional or accidental, you should find the defendant not guilty," held properly refused, as pretermitting a consideration of the real questions involved; deceased having been killed by defendant while he was trying to kill another.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Manuel Reaves was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied, 205 Ala. 31, 87 South. 706.

Most of the facts sufficiently appear from the opinion. The person killed was Charlie Burt, while the person fired at was Susie Williams. The following charges were refused to the defendant:

(2) If you believe from the evidence in this case that the defendant did not have any malice or had not premeditated the killing of the defendant, then the defendant would not be guilty of murder in the first degree.

(9) Before you can convict the defendant you must believe that he willfully, wantonly, and intentionally, with malice aforethought, did fire said pistol, with intent to kill the deceased or some one else, and if you believe that from all the evidence in the case that he did not fire said pistol wantonly and intentionally, and with malice aforethought, and that the said pistol was fired accidentally, you must find the defendant not guilty.

(10) If you believe from the evidence in this case that the death of the deceased was unintentional or accidental, you should find the defendant not guilty.

W. T. Stewart, of Birmingham, for appellant.

Court erred in refusing charge 10. 8 Ala. App. 79, 62 South. 983. The defendant should not have been convicted of the greater offense than manslaughter in the second degree. 4 Ala. App. 54, 58 South. 1008. Counsel discuss other assignments of error, not discussed in the opinion.

J. Q. Smith, Atty. Gen., for the State.

PER CURIAM. [1] The contention of the state was that in an attempt to murder one Susie Williams the defendant fired a pistol at her, and that deceased, a bystander, was killed. There was evidence tending to support this contention. The defendant, on the contrary, while admitting the killing, claimed that it was purely accidental, and the evidence offered in his behalf tended to support this theory. The cause was submitted to the jury under a careful and able charge of the court trying the case, during which the different degrees of homicide were clearly and concisely explained in detail, and in such manner that the average juror could easily understand.

[2] There was evidence sufficient to sustain either of the charges embraced in the indictment, and written charges to the effect that under the evidence defendant could not be guilty of murder or manslaughter were properly refused. Martin v. State, 81 South. 851.[1] And under circuit court rule 35 (175 Ala. xxi) the court will not be put in error for refusing the affirmative charge, or

---

[1] 17 Ala. App. 73.

for refusing a motion for new trial, where the record does not affirmatively show that the prosecution's failure to prove venue was brought to the court's attention before the argument was concluded. Jones v. State, 13 Ala. App. 10, 68 South. 690; Pounds v. State, 15 Ala. App. 223, 73 South. 127.

[3, 4] In a case of homicide, the malice necessary to sustain a conviction for murder may be presumed from the use of a deadly weapon, unless the circumstances surrounding the killing rebut the malice. In this case it is not claimed that defendant had malice towards the deceased, but malice, if such he had, existed towards Susie Williams, his paramour, whom he was trying to kill, and such malice as he entertained towards her was available to the state in making out its case against the defendant. In this the state was not forced to rely on the fact that the killing was done with a deadly weapon; but there was some evidence of expressed ill will by the defendant towards Susie Williams, the woman it is claimed he was trying to kill.

[5] Charge 6, refused to the defendant, is almost identical with charge 8 given at the defendant's request, and for that reason was properly refused.

[6] The remarks of the solicitor, referred to in the court's oral charge, are not incorporated in the bill of exceptions, nor are they set out as grounds for a new trial, nor in any other way by which this court can be called on to review them. It appears, however, that the trial judge was at great pains to repair whatever injury had been done by excluding the remarks and by charging the jury specifically and pointedly not to consider them. The court might even have gone further and granted a new trial on that ground, if it had been asked, or, if proper motion had been made at the time, withdrawn the case from the jury; but the question is not here presented in such manner as it can be reviewed.

[7, 8] Charge 2 was bad because, among other things, it is elliptical. Charges 4, 5, and 7 were covered by the court's oral charge, and were for that reason properly refused. Watkins v. State, ante, p. 3, 82 South. 628.

[9] Charge 9 asks for an instruction for an acquittal of all crime, when, under the hypothesis stated, defendant could be guilty of manslaughter in the second degree.

[10] Charge 10 confines the accidental killing to the deceased, pretermitting a consideration of the real questions involved.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

By inadvertence this cause was first assigned to MERRITT, J., who did not sit during the argument of the case on submission. The opinion heretofore prepared by him is therefore withdrawn, and the foregoing opinion is substituted as the opinion of the court. The conclusions of law being the same, the application for rehearing is overruled.

Application overruled.