(92 South. 909)

JAMES v. STATE.    (7 Div. 806.)

(Court of Appeals of Alabama.    June 13, 1922. Rehearing Denied June 30, 1922.)

1. Criminal law ⚫=723(5)—Solicitor's reference to defendant as being a "nigger" not error.

It was not error for the solicitor to ask the jury whether they were going to believe that "nigger" sitting over there, pointing at defendant, with a face on him like that, in preference to the deputies' testimony.

2. Criminal law ⚫=1032(7)—No error to refuse affirmative charge on account of variance, where fact not called to court's attention.

Under circuit court rule 35, the trial court will not be put in error for refusing an affirmative charge on account of a variance in the proof as to time, where this fact was not called to the court's attention.

3. Criminal law ⚫=813—Proper to refuse abstract request.

It is proper to refuse an abstract request.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Frank James was convicted of violating the Prohibition Law, and he appeals. Affirmed.

In his remarks to the jury the solicitor said:

"Are you gentlemen going to believe that nigger sitting over there (pointing at the defendant), with a face on him like that, in preference to the testimony of Andrew Jackson's deputies?"

Charge 3, refused to the defendant, is as follows:

"The state has elected to prosecute the defendant in this case for making, distilling, or manufacturing prohibited liquors or beverages on the night of July 16, 1919, and I charge you that unless you believe from the evidence, beyond all reasonable doubt and to a moral certainty, that the defendant did make, manufacture, or distill prohibited liquors or beverages on said 16th. of July, 1919, then you must acquit the defendant."

Longshore, Koenig & Longshore, of Columbiana, for appellant.

The remarks of the solicitor were improper and should have been excluded. 54 South. 494; 71 South. 979; 123 La. 71, 48 South. 652; 112 Miss. 854, 73 South. 791. Counsel discuss the charge refused, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] There was no error in the ruling of the court in overruling the de-

fendant's objection to the argument of the solicitor. It probably would be better if trial judges would eliminate as far as possible this character of argument, yet, when analyzed in this case, the facts stated were within the evidence, and it was a question as to whether the jury would believe the defendant's testimony or that of the state. It would create, however, a better respect for law and order if counsel for both the state and defendant would in the trial of cases make reference to the state's and defendant's evidence, and of the witnesses giving the testimony, as such, rather than that one or the other was of a particular race or color. The cases of James v. State, 170 Ala. 72, 54 South. 494, and Simmons v. State, 14 Ala. App. 103, 71 South. 979, do not support the defendant's contention in this case.

[2] The trial court will not be put in error for refusing to give the affirmative charge, on account of a variance in the proof as to time, when this fact was not called to the attention of the trial court. See rule 35, Circuit Court Rules, 175 Ala. p. xxi; Hendrix v. State, 11 Ala. App. 207, 65 South. 682; Cook v. State, 17 Ala. App. 611, 88 South. 58.

[3] Written charge 3 is abstract, and was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.