## HUGHES v. STATE. (8 Div. 697.)

(Supreme Court of Alabama. June 11, 1925.
Rehearing Denied Oct. 22, 1925.)

**1. Indictment and information ⊜⟾33(1)—Indictment lacking signature by solicitor before return thereof by grand jury not invalid.**

Fact that indictment was not signed by solicitor before returned by grand jury and filed in court did not invalidate it.

**2. Indictment and information ⊜⟾159(1)—Indictments amended only in open court and with consent of defendant.**

Indictments cannot be amended except in open court and with consent of defendant.

**3. Indictment and information ⊜⟾159(1)—Solicitor signing indictment after filing thereof held not an amendment.**

Solicitor, signing his name to indictment after it was filed and without consent of court, *held* not an amendment, it being gratuitous act which neither added to nor detracted from its validity.

**4. Criminal law ⊜⟾1167(1)—Signing of indictments after filing thereof in court held without injury to defendant.**

Since signing of indictment by solicitor after filing thereof in court did not affect its validity, in view of rule 45 defendant could not have thereby been injured, and contention that true copy was not served on defendant because it contained signature of solicitor when same was not part of indictment must be overruled.

**5. Criminal law ⊜⟾858(3)—Refusing to permit jury to take out letter from deceased to defendant and permitting taking out pistol held within discretion.**

Where defendant introduced in evidence letter from deceased on day of shooting warning him against unnamed enemies, it was within court's discretion to refuse to permit jury to take out letter, such discretion not being abused by permitting jury to take out pistol offered in evidence; request that letter be taken out having preceded direction that pistol be sent to jury.

**6. Criminal law ⊜⟾1172(1)—Whether explanation as to meaning of probability of innocence correct held immaterial.**

In murder prosecution, where court charged as to probability of innocence and thereafter attempted to explain it, whether explanation was correct was immaterial as defendant was not entitled to same.

**7. Criminal law ⊜⟾786(2)—Refusing charge on consideration to be given defendant's testimony held without error.**

In murder prosecution there was no error in refusing defendant's charge that in considering his testimony it was jury's duty to weigh and consider it by same rules and in same way they did that of any other witness, charge tending to mislead jury to disregard interest of defendant in weighing and considering his evidence.

**8. Indictment and information ⊜⟾133(8)—General affirmative charge properly denied.**

In view of Circuit Court rule 35, where indictment charged killing of Julia S. B., and evidence referred to deceased as S. B., it did not show that she was not named Julia also, and since fact could have been shown by objection before argument was made, defendant cannot raise it for first time by general affirmative charge.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Herman Hughes was convicted of murder in the first degree, and he appeals. Affirmed.

On the trial, a witness for the state identified a pistol surrendered by defendant at the time of his arrest, and the pistol was introduced in evidence.

Defendant introduced in evidence a letter purporting to have been received by him from the deceased on the day of the shooting, warning him against some unnamed enemies and urging him to come to see her on a night different from the one he usually called.

It appears from the bill of exceptions that after the jury were charged, defendant requested that the letter mentioned be taken out by the jury when they retired to consider the case. The court refused this request, and the defendant excepted. It is further recited in the bill of exceptions that, after the jury had gone to the jury room, the court directed that the pistol offered in evidence be sent to the jury to be had by them while considering the case. To this action defendant excepted.

Charge 25, refused to defendant, is as follows:

"I charge you that in considering the testimony of the defendant, it is your duty to weigh and consider it by the same rules and in the same way you do that of any other witness in the case."

G. O. Chenault, of Albany, for appellant.

An indictment cannot be amended, even in an immaterial matter, without the consent of the defendant. Gregory v. State, 46 Ala. 151; Schiff v. State, 84 Ala. 454, 4 So. 419; Dix v. State, 8 Ala. App. 338, 62 So. 1007; Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849. After alteration the indictment should have been quashed or stricken on motion. Sparrenberger v. State, 53 Ala. 481; Reynolds v. State, 1 Ala. App. 29, 55 So. 1016. The requirement that a true copy of the indictment be served on defendant was not complied with. Nutt v. State, 63 Ala. 180; Tidwell v. State, 70 Ala. 42. Error was committed in the refusal to allow the letter introduced in evidence by defendant to be taken out by the jury. Code 1907, § 5365; Code 1923, § 9511; Shirley v. State, 144 Ala. 35, 40 So. 269; Foster v. Smith, 104 Ala. 248, 16 So. 61. A charge must be given or refused in

the terms in which it is written. Code 1907, § 5364; Orr v. State, 117 Ala. 72, 23 So. 696.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1-3] The fact that the indictment was not signed by the solicitor before returned by the grand jury and filed in court did not invalidate the same. Teague v. State, 144 Ala. 42, 40 So. 312. Therefore, all motions or objections' based upon this point were properly overruled. It seems that after the indictment was filed and without the consent of the court, the solicitor signed his name to same. It is true, indictments cannot be amended, except in open court and with the consent of the defendant, but this was in no sense an amendment. It was but the gratuitous act of the solicitor which neither added to nor detracted from the validity of the indictment as returned by the grand jury.

[4] It is also urged that the case should be reversed, because a true copy of the indictment was not served upon the defendant, that the copy served contained the signature of the solicitor when the same was not a part of the indictment. As above noted, this did not affect the validity of the indictment one way or another and the defendant could not have thereby been injured. Rule 45.

[5] It was within the discretion of the court as to not permitting the jury to take out the letter from the deceased to the defendant. 6 Mayfield's Digest, p. 516, and cases there cited. We cannot say that this discretion was abused because the court permitted the jury to take out the pistol. True, the court could have well let the defendant's documentary evidence be taken out after letting the jury have the pistol and would doubtless have done so had defendant made the request after the trial court decided to let the jury have the pistol and which was after the jury retired. The defendant did request that the letter be taken out, but this was before the pistol was sent out, and the defendant should have later requested that the letter be sent out also, instead of objecting to the action of the court in permitting the pistol to go to the jury.

[6] The trial court, at the request of the defendant, gave charges on page 84 of the record which relate to a "probability of innocence" and after giving said charges attempted to explain same. Whether the explanation as to the meaning of same was or was not correct matters not as the defendant was not entitled to same and which could have well been refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

[7] There was no error in refusing defendant's requested charge 25. If not otherwise bad, it would tend to mislead the jury to dis-regard the interest of the defendant in weighing and considering his evidence.

[8] The appellant insists that he was entitled to the general charge because the indictment charges him with killing "Julia Sadie Blaxton," and the evidence referred to the deceased as "Sadie Blaxton." It is sufficient to say that this does not show that she was not named Julia also, and which fact may have been shown had the objection or point been brought to notice before the argument was made, and the defendant cannot raise it for the first time by the general affirmative charge. Circuit Court rule 35.

While we have treated only the questions discussed in brief of appellant's counsel, we have not been unmindful of the statutory requirement to search the record for error, which has been done, and we fail to find where the trial court has committed reversible error.

The judgment of the Circuit Court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.