145 So. 325

## RAY v. STATE.

### 6 Div. 674.

Court of Appeals of Alabama.

June 21, 1932.

Rehearing Denied Nov. 1, 1932.

Jas. H. Bradford, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The insistence of appellant that a reversal of the judgment of conviction from which this appeal was taken should be ordered for failure of proof of venue upon the trial cannot be sustained. The defendant below failed to bring this matter to the attention of the court as provided by Circuit and Inferior Courts Rule 35. Code 1923, vol. 4, p. 907. The sufficiency of the proof of venue cannot be considered by the appellate court in the absence of a ruling by the primary court, and exception duly reserved thereto. If there be no charge requested, or other mode of raising the question of the sufficiency of the evidence, as here, the failure of the bill of exceptions to show proof of venue will not work a reversal. Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45; Johnson v. State, 100 Ala. 55, 14 So. 627.

The indictment charged embezzlement, specifically, that appellant, being at the time the clerk, agent, servant, or apprentice of E. M. Chestnutt, embezzled or fraudulently converted to his own use, or to the use of another, money to about the amount of $125, which came into his possession by virtue of said employment. The second count was of the same import, differing only in designating the accused as factor, broker, or agent. No demurrer or other objection was interposed to the indictment; therefore the insistence here

that it charged no offense known to the law cannot be considered. We may state, however, that the indictment in form and substance was sufficient under the provisions of section 4529, Code 1923.

It appears from the evidence that this appellant, in the capacity as agent, broker, or factor, of E. M. Chestnutt sold to one Sir Lott Smith, a certain described lot which belonged to Chestnutt, at and for the price of $375. Chestnutt received from appellant the sum of $115 only on this transaction. There was evidence which tended to show that purchaser Smith paid in cash to appellant the total sum of $240 on the lot in question, but appellant did not pay over the sum in discrepancy of $125 to Chestnutt. The verdict of the jury found the defendant guilty and fixed the amount embezzled at $125.

■ The defendant strenuously denied that he had embezzled any of the money paid to him by Smith for the Chestnutt lot, and insisted that Smith had only paid to him on the lot the sum of $115, all of which he had promptly paid over to his principal Chestnutt. This conflict in the evidence made a question for the jury to determine which, as stated, they did adversely to defendant.

The court properly disallowed the accused to go into the details of a certain alleged contract between him and Smith as to building a house, etc. But one issue of fact was involved upon the trial of this case, Did the accused collect from Smith the sum of $240 to be paid to Chestnutt on his lot? If so, did he turn over or pay to Chestnutt that amount of money? On this latter question the evidence is without dispute that he only paid the sum of $115 to Chestnutt on the lot. Therefore the sole question involved is the amount of money received by him from Smith on the lot. Witness Smith testified that the total amount paid by him to the defendant on the Chestnutt lot aggregated $240 for which he had several receipts, all of which recited: "Received of Sir Lott Smith —— dollars (the amount being filled in each receipt) as payment of lot."

■ No special charges were requested. The motion for a new trial appearing only in the record proper is not presented for consideration. No mention of said motion or ruling by the court thereon appears in the bill of exceptions as the law and rules of practice require. Section 6088, Code 1923; Byrd v. State, 24 Ala. App. 451, 136 So. 431. In the Byrd Case, supra, this court said: "The motion for a new trial is set out in the record proper only. No mention thereof appears in the bill of exceptions. The ruling of the court on the motion is therefore not presented for our consideration. Section 6088 of the Code 1923 is clear in its provisions as to the manner of presenting the ruling of the nisi prius court on motions for new trial, for review by the appellate courts of this state;

and, unless so presented, revision on appeal is unauthorized. The appellate courts have in hundreds of instances dealt specifically with the question. The reports of the two courts in recent years are replete with decisions holding the proper manner to present questions of this kind; and it is difficult for the writer to understand how counsel for appellants so frequently attempt to present this question in an abortive manner, as in the case at bar, where a mere reference to the Code section, supra, or to any one of the innumerable decisions cited in Shepard's Alabama Citations, vol. 3, page 445, would protect their clients' interests in this connection and in many instances justice could be administered, and not perverted for lack of jurisdiction due to the careless and indifferent manner, so often appearing, in which this question is undertaken to be presented."

Finding no error in any ruling of the court, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

## On Rehearing.

■ It is insisted by appellant, in his application for rehearing, that Circuit and Inferior Courts Rule 35, applies exclusively to civil actions and has no bearing upon criminal procedure. In this connection appellant cites no authority. Mere reference to any of the following decisions will disclose that this insistence is erroneous and untenable, and that rule 35, supra, applies to state cases as well as to civil: Ex parte Knight, 61 Ala. 482; Hubbard v. State, 72 Ala. 164; Johnson v. State, 100 Ala. 55, 14 So. 627; Dentler v. State, 112 Ala. 71, 20 So. 592; McPherson v. State, 198 Ala. 5, 73 So. 387; Watts v. State, 204 Ala. 372, 86 So. 70 (headnote 1); Woodson v. State, 170 Ala. 87, 54 So. 191; Ratliff v. State, 212 Ala. 410, 102 So. 621 (headnote 8); Hughes v. State, 213 Ala. 555, 105 So. 664; Burkett v. State, 215 Ala. 453, 111 So. 34 (headnote 11); Hendrix v. State, 11 Ala. App. 207, 65 So. 682; Jones v. State, 13 Ala. App. 10, 68 So. 690 (headnote 10); Thomas v. State, 15 Ala. App. 146, 72 So. 686; Pounds v. State, 15 Ala. App. 223, 73 So. 127 (headnote 2); Houston v. State, 16 Ala. App. 421, 78 So. 415; Ray v. State, 16 Ala. App. 496, 79 So. 620; Chambers v. State, 17 Ala. App. 178, 84 So. 638; Bell v. State, 17 Ala. App. 399, 86 So. 139; Haswell v. State, 17 Ala. App. 519, 86 So. 170 (headnote 2); Reaves v. State, 18 Ala. App. 5, 87 So. 705 (headnote 2); McMickens v. State, 18 Ala. App. 36, 88 So. 342; James v. State, 18 Ala. App. 618, 92 So. 909; Martin v. State, 19 Ala. App. 251, 96 So. 734; Webb v. State, 19 Ala. App. 359, 97 So. 246.

The foregoing authorities show conclusively that this insistence of appellant is not well taken and cannot be sustained. Other insistences in the application for rehearing are also without merit. The points of decision in-

volved have each had the consideration of this court in the opinion first rendered.

Application for rehearing overruled.