(101 So. 94)

**EATON v. STATE. (6 Div. 400.)**

(Court of Appeals of Alabama, June 10, 1924. Rehearing Denied June 24, 1924.)

**1. Criminal law ⊂⇒97(½)—Offense held committed within jurisdiction of Bessemer division of circuit court of Jefferson county; "beat"; "precinct."**

Offense committed near Hogtown in Jefferson county and in beat 49 thereof was within jurisdiction of Bessemer division of circuit court of Jefferson county, in view of Act Aug. 18, 1919 (Loc. Acts 1919, p. 162); the terms "beat" and "precinct" when used in

connection with a subdivision of a county being synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Beat; Precinct.]

2. Criminal law ⬥1043(2)—Refusal of general charge for defendant not available on appeal, where grounds were not brought to trial court's attention.

Refusal of general charge for defendant in a liquor prosecution will not be deemed error on appeal because proof of venue was not shown, in view of circuit court rule 35, where neither such point or any other upon which affirmative charge was requested was brought to trial court's attention.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bud, alias Bert, Eaton was convicted of violating the prohibition law, and appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

On failure of proof to show the offense was committed within the jurisdiction of the trial court, the affirmative charge should have been given. Local Acts 1919, p. 62; 1 Mayfield's Dig. 857.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The proof showed venue. Local Acts 1919, p. 62. The affirmative charge was properly refused. Ray v. State, 16 Ala. App. 496, 79 South. 620.

BRICKEN, P. J. From a judgment of conviction for distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol, and for unlawfully possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, the defendant appealed.

But one insistence of error is here urged to effect a reversal of the judgment appealed from. It is contended that the court erred in refusing to defendant the general affirmative charge requested in writing, and this insistence is predicated upon the ground that the state failed to prove that the offense complained of was committed within the jurisdiction of the Bessemer division of the circuit court of Jefferson county, where the case was tried.

[1, 2] There are two reasons why there is no merit in this insistence: (1) The evidence offered by the state tended to show that the offense was committed near Hogtown, in Jefferson county, and in beat 49 of said county. By the act of the Legislature approved August 18, 1919 (Local Acts 1919, p. 62), amongst many other subdivisions of Jefferson county, the Bessemer division of the circuit court thereof was given exclusive ju-

risdiction over precinct 49 in said county. In this state, by common acceptation and usage, the terms "beat" and "precinct," when used in connection with a subdivision of a county, are synonymous and mean the same thing; and, if the contention here made is based upon the ground that the witness Hogan used the term "beat 49 in this county," and that the act, supra, conferring jurisdiction upon the Bessemer division of said court in Jefferson county uses the term "precinct 49," the contention is but a mere quibble, and is without merit, and of no consequence; (2) rule 35 of the circuit court rules is also conclusive of the question, even if the proof of venue shown by the record had not been made, for it nowhere appears that this or any other point upon which the affirmative charge was requested was brought to the attention of the trial court. Under rule 35, supra, whenever the general charge is requested, and is predicated upon failure of proof as to time, venue, or any other point not involving the substantive right of defense, the court will not be put in error for refusing said charge, unless it appears upon appeal, the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded. Ray v. State, 16 Ala. App. 496, 79 South. 620.

The exceptions reserved to the court's ruling upon the admission of testimony are not presented in a sufficiently intelligent manner to enable this court to pass upon them. On this appeal these questions are not insisted upon. They relate principally to inquiries relative to the character of the defendant and to practically all of the witnesses who testified as to facts in this case. The lax and unusual manner in which this inquiry was conducted departed greatly from the simple rule of evidence governing same. We are not prepared to say that injurious error to defendant appears in any of the rulings in this connection.

A jury question was presented by the evidence in this case.

The record proper is free from error, therefore the judgment of conviction will stand affirmed.

Affirmed.