(101 So. 471)

## EATON v. STATE. (6 Div. 399.)

(Court of Appeals of Alabama. June 17, 1924. Rehearing Denied July 22, 1924.)

**1. Criminal law ⇐⇒280(4)—Unverified plea in abatement insufficient as plea of misnomer.**

Under Code 1907, § 7567, unverified plea in abatement is insufficient as plea in misnomer.

**2. Indictment and information ⇐⇒110(31)—Indictment for manufacturing liquor and possession of still held sufficient.**

Indictment for manufacture of prohibited liquors and possession of still, which followed language of statutes was sufficient.

**3. Criminal law ⇐⇒564(5)—Evidence of venue held sufficient.**

In prosecution for violation of prohibition laws, evidence that offense was committed in beat 49 of Jefferson county was sufficient under Loc. Acts 1919, p. 62, to show commission within jurisdiction of Bessemer division of circuit court.

**4. Criminal law ⇐⇒1036(8)—Court not put in error for refusing general affirmative charge, unless point urged was brought up before argument.**

Under circuit court rule 35, where general charge predicated on failure to prove venue is requested, court will not be put in error for refusing it, unless point on which it was asked was brought to court's attention before argument was concluded.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Clay Eaton was convicted of violating the prohibition law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Eaton, 211 Ala. 613, 101 So. 471.

Pinkney Scott, of Bessemer, for appellant.

It was necessary to show the offense was committed in one of the designated beats of the county over which the Bessemer division of the circuit court has jurisdiction. Local Acts 1919, p. 62.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The plea of misnomer not being verified, demurrer was properly sustained. Code 1907, § 7567.

FOSTER, J. [1] The indictment contained two counts; the first count charged the manufacture of prohibited liquors, and the second count charged the unlawful possession of a still. The defendant was named in the indictment as "Clay Eaton, whose name to the grand jury is otherwise unknown." The defendant filed plea of misnomer, averring that his name was Clave Eaton and that he had never been known as Clay Eaton. The plea in abatement, not being verified by affidavit, is insufficient as a plea of misnomer. Section 7567 of the Code of 1907 reads:

"No plea in abatement, or other dilatory plea to an indictment, must be received, unless it is verified by oath, or unless its truth appears by some matter of record, or other written evidence accompanying it."

[2] The indictment follows the language of the statutes under which each count was drawn, and is sufficient. Morris v. State, 18 Ala. App. 456, 93 South. 61, and authorities there cited.

[3] It is earnestly insisted by counsel for appellant that the refusal of the court to give the general affirmative charge requested by the defendant should work a reversal of this case, on the ground that the proof failed to show that the offense was committed within the jurisdiction of the Bessemer division of the circuit court of Jefferson county. The evidence for the state tended to show that the offense was committed in beat 49 of said county, and said beat is within the jurisdiction of the Bessemer division of the circuit court. Local Acts 1919, p. 62.

[4] It does not appear from the record that the failure to prove venue was brought to the attention of the trial court. Circuit court rule 35 provides that whenever the general charge is requested, predicated upon failure to prove time, venue, or any other point not involving the substantive right of defense, the court will not be put in error for refusing said charge, unless it appears, on appeal, the point upon which it was asked was brought to the attention of the trial

court before the argument of the case was concluded. Ray v. State, 16 Ala. App. 496, 79 South. 620. Bud, alias Bert, Eaton v. State (6 Div. 400, Ala. App.) ante, 110, 101 South. 94.

The exceptions reserved to the evidence are obviously without merit, and it will serve no useful purpose to discuss them in detail.

The general charges for the defendant were properly refused. There was ample evidence to justify the verdict of guilty.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.